HARRY S. DUBE, Respondent, *v.* CROMWELL DRUG Co., INC., Appellant, et al., Defendant.

*Per Curiam.* Plaintiff has been granted summary judgment on a series of notes of which defendant-appellant is the maker, plaintiff's nephew is the payee, and plaintiff the holder by his nephew's indorsement. The answer pleads as defenses failure of consideration for the notes and that the issuance of the notes was *ultra vires,* all to plaintiff's knowledge, so that he was not a purchaser in good faith.

. It appears from the moving and answering affidavits that underlying the issuance and indorsement of the notes was a business association between defendant corporation and plaintiff's nephew financed by plaintiff. Plaintiff loaned his nephew money to go into the business and the notes represented a return of the investment by repurchase of the nephew's stock in the corporation. It is this repurchase under the prevailing financial condition of the corporation which is alleged to be *ultra vires.*

Plaintiff states in his affidavit in support of the motion for summary judgment that he made the loan to his nephew for this investment purpose and that the loan was repaid by the notes in question. Plaintiff neither declares or discloses what other information he had or did not have with respect to the issuance of the notes or the circumstances under which they were issued, except that it may be inferred from his admitted knowledge that his nephew had sold his interest in the business that he knew the notes represented a repurchase of that interest. Plaintiff contents himself with the bald assertion that he is a holder for value without notice.

There was little that defendant could show in an answering affidavit of specific knowledge on the part of plaintiff, but defendant did express its belief that plaintiff had full information concerning the transactions behind the notes, and pointed out that plaintiff's knowledge was peculiarly within his own possession, and that he had made no such showing of detachment from the transactions involved to warrant the granting of summary judgment.

In reply, plaintiff in no way meets the challenge on the facts, but rests upon the presumption in his favor and the failure of defendant to show more by affidavit.

We think that summary judgment should not have been. granted upon this record. Plaintiff acknowledges a close enough connection with the transactions underlying the notes to warrant a further and fuller exploration of the facts and of his knowledge peculiarly within his own mind. Something more than the showing which he had made should be required under the circumstances to justify the granting of summary judgment. By the same token, defendant's

inability by affidavit to establish more respecting plaintiff's knowledge should not bar a trial which is necessary to a satisfactory development of all the pertinent facts.

The judgment and order appealed from should be reversed and the motion for summary judgment denied, with costs to appellant.

Peck, P. J., Dore, Cohn, Breitel and Bastow, JJ., concur.

Order and judgment unanimously reversed, with costs and disbursements to the appellant, and the motion denied.