■ SMILES CANDY CORP., Respondent, v. ALLVEND INDUSTRIES, INC., Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, entered October 26, 1972, after a nonjury trial, in favor of plaintiff on its first cause of action and dismissing all of defendant's counterclaims. Judgment affirmed, with costs. The parties contracted in writing for defendant to purchase from plaintiff certain vending machines, merchandise and equipment, and for plaintiff to surrender its license for the placement thereof in a named department store so that defendant might assume the license. This action is to recover upon six promissory notes and upon a provision in the contract as to certain shares of stock, all consideration for the contract. The defense is essentially a counterclaim for cancellation of the contract on the ground that plaintiff had made misrepresentations concerning the machines and merchandise and had fraudulently substituted 216 inferior vending machines prior to the execution of the contract. The trial court rejected defendant's offer of proof of false representations allegedly made by plaintiff to induce defendant to purchase the machines, ruling that such proof was excluded under the parol evidence rule. The court allowed defendant's proof that, prior to the signing of the contract, defendant inspected all the machines and merchandise and found all items satisfactory. Defendant was also allowed to adduce testimony as to a postcontractual inspection which supposedly revealed unsatisfactory conditions. The court inspected defendant's postcontractual inspection list and marked it for identification, but the document was not received in evidence. The court rendered judgment for plaintiff and dismissed defendant's counterclaims on the ground that it had not sustained its burden of proof thereon. If the trial had been before a jury, we would reverse, because the parol evidence rule is not applicable here, since the victim of a fraud is not barred by the parol evidence rule from showing the fraud. However, the Trial Justice heard all of defendant's evidence and chose, as the trier of the facts, to disbelieve defendant's evidence. Though the postcontractual inspection schedule was not admitted into evidence, it was viewed by the Trial Justice and, in the main, testimony as to its contents was adduced by the defense and disbelieved by the court. Under all the circumstances, we concur in the Trial Justice's conclusion that defendant did not prove the fraud charged and, for that reason, there is no need for a new trial. Munder, Acting P. J., Martuscello, Shapiro, Brennan and Benjamin, JJ., concur.