■ JEAN N. LEVY, Respondent, v. MORRIS LEVY, Appellant.— Order entered in the Supreme Court, New York County, on September 30, 1974 denying defendant's application for a protective order in this divorce action, unanimously reversed, on the law and on the facts and in the exercise of discretion, and the protective order granted, without costs and without disbursements. Plaintiff wife seeks a divorce on the ground of acts of cruel and inhuman conduct by defendant alleged in her complaint. Defendant's answer denies each and every allegation of the alleged mistreatment. Plaintiff has instituted four other actions against defendant, each emanating from their marital estrangement. The husband has vigorously opposed all relief sought by his wife in each action. In April, 1974 the plaintiff sought to examine defendant before trial as to his finances. She requested that he produce extensive financial statements, records as far back as January 1, 1971. The defendant then moved for the protective order which we now hold was improvidently denied. The wife's entitlement to a decree, being vigorously contested, an examination before trial is not warranted. This court has succinctly so held in *Meyerhoff* v. *Meyerhoff* (41 A D 2d 726). (See, also, *Legname* v. *Legname,* 43 A D 2d 543; *Plancher* v. *Plancher,* 35 A D 2d 417, affd. 29 N Y 2d 880; and *Stern* v. *Stern,* 39 A D 2d 87.) Furthermore, plaintiff's abundant knowledge of the parties' preseparation standard of living and of the husband's income, precludes defendant's examination prior to the plenary hearing. (See *Hunter* v. *Hunter,* 10 A D 2d 291.) As a general proposition orders of disclosure as to a husband's financial condition are not favored. (See *La Vecchia* v. *La Vecchia,* 39 A D 2d 699.) Concur — Stevens, J. P., Markewich, Capozzoli, Lane and Nunez, JJ.

■ EUGENE GERSHON, Appellant, v. TOBACCO BROKERS, INC., Respondent.— Order, Supreme Court, New York County, entered on August 1, 1974, denying plaintiff's motion for summary judgment made pursuant to CPLR 3213, uanimously reversed, on the law, and motion granted. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The check executed and delivered to plaintiff was a "non-refundable deposit" except if there was a "wilful default" by the plaintiff. Defendant does not claim any such default. The attorney's short affidavit submitted in opposition to plaintiff's motion is of no value whatsoever and alleges nothing even slightly indicative of a defense to the action. The existence of another action, brought by plaintiff against the sole shareholder, officer and director of the defendant herein for breach of contract, is not a bar to an award of summary judgment in this action. Settle order on notice. Concur — Markewich, J. P., Murphy, Capozzoli, Lane and Nunez, JJ.