■ GRACE HAHN, Respondent, v ROBERT P. MILLS et al., Appellants.— Order and judgment unanimously reversed, with costs, and motion denied. Memorandum: Defendants appeal from an order which granted plaintiff leave to renew her prior motion for summary judgment and which granted her summary judgment upon a promissory note for $22,000. From 1974 through June, 1976 plaintiff advanced at least $21,500 to defendants, her son and daughter-in-law. In May, 1976 defendants signed a printed promissory note presented to them by plaintiff. Defendants assert that the money was advanced as a gift, that plaintiff represented the note as a "bank statement for tax purposes", and that the blanks for date, amount and terms of repayment had not been filled in. The note, when completed, was for $22,000. On July 7, 1977 plaintiff loaned defendants $3,500, evidenced by a note the validity of which is not in dispute. In September, 1978 plaintiff made a motion for summary judgment on both notes. Special Term granted summary judgment on the $3,500 note, but denied it on the other note without prejudice to a renewal of plaintiff's motion upon completion of discovery. On March 13, 1979 Special Term granted plaintiff's motion to renew based on plaintiff's assertion that new evidence was available and, upon reargument, granted plaintiff summary judgment on the $22,000 note.

Special Term erred in granting summary judgment since defendants raised issues of fact as to the validity of the note and the consideration given therefor *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). Evidence of fraud may, under these facts, be admitted to dispute the validity of a written instrument *(Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57; *Smiles Candy Corp. v Allvend Inds.,* 43 AD2d 748) and evidence of want of consideration is admissible to dispute the recital of value received in a written instrument *(Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255). Additionally, defendants' motion to renew should have been denied inasmuch as it was, in fact, a motion to reargue and the time to make such a motion had expired. Where no new facts are presented upon a motion to renew, the motion should be considered one to reargue *(Matter of Dowling v Bowen,* 53 AD2d 862; *Matter of Biscaglio v Roshan Taxi,* 43 AD2d 919). Plaintiff's only new proof was an affidavit of a bank employee which asserted that defendants' signatures on the $22,000 note were genuine, a matter not in dispute. The motion, therefore, was a motion to reargue and should not have been granted after the period for appealing the prior order had expired *(Fitzpatrick v Cook,* 58 AD2d 642; *Liberty Nat. Bank & Trust Co. v Bero Constr. Corp.,* 29 AD2d 627). (Appeal from order and judgment of Monroe Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.