■ EDWARD FINE, Respondent, v TOMMASO DI STANTI et al., Appellants, et al., Defendants.—In an action on a promissory note, commenced pursuant to CPLR 3213, defendants Tommaso and Nelida Di Stanti appeal from an order of the Supreme Court, Westchester County, dated July 10, 1980, which, upon plaintiff's motion to compel said defendants "to correct their amended answer and counterclaim", struck the amended answer served as of course and denied their cross motion for leave to serve such amended answer. Order reversed, with $50 costs and disbursements, motion denied and cross motion granted. Plaintiff and defendants Ed Roberts Constructors, Inc., and Di Stanti Woodwork Corp. shall serve their replies to the counterclaims of the defendants Di Stanti within 20 days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof. After the denial of plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the instant suit upon a promissory note was to be treated as an ordinary action (see Siegel, New York Practice, § 292). Although appellants should have requested leave of court to restructure their papers submitted in opposition to plaintiff's motion for summary judgment into an amended answer with counterclaims, their failure to do so before serving the amended pleading is not fatal and their cross motion for leave should have been granted since no prejudice has been shown (see CPLR 3025, subd [b]; CPLR 2001). The counterclaims asserted in appellants' answer against the plaintiff and two corporations which were not originally named as parties involve financial dealings between the parties which the appellants assert gave rise to the credit upon which the loan reflected by the note was made. It is alleged that the profits from these dealings were to have provided the source for repayment. Appellants allege fraud on plaintiff's part in these financial dealings and seek an accounting of the affairs of the corporations which the parties controlled and through which they carried on their business together. It is our view that since the personal loan upon which plaintiff's original suit was brought, the business dealings of the parties and the financial affairs of the two corporations were intimately interrelated, assertion of the counterclaims was proper here (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3213:17, p 843). The amended answer of the appellants properly added the two corporations as parties defendant (see CPLR 3019, subds [a], [d]). Hopkins, J. P., Damiani, Lazer and Mangano, JJ., concur.

■ FRIEDLAND ASSOCIATES, LTD., Respondent, v LUMBERMENS MUTUAL CASUALTY COMPANY et al., Appellants.—Appeal from an order of the Supreme Court, Rockland County, dated April 15, 1980, dismissed as academic, without costs or disbursements. That order was superseded by a further order of the same court, dated June 13, 1980, which granted reargument. Order dated June 13, 1980 affirmed, without costs or disbursements. No opinion. Hopkins, J. P., Lazer, Gibbons and Gulotta, JJ., concur.