■ LYONS EMPRISE (H.K.) LTD., Respondent, v DRAGON JADE TRADING Co., Appellant. — Appeal from order, Supreme Court, New York County (Maresca, J.), entered April 15, 1981, unanimously dismissed, without costs, as subsumed in judgment entered thereon April 17, 1981; the latter unanimously reversed, on the law, and vacated, and, in the exercise of discretion, plaintiff-

respondent directed to serve a complaint herein within 20 days of entry of the order hereon, response thereto to be within 20 days thereafter, and the matter remanded to Supreme Court, New York County, for further proceedings, with costs. Summary judgment was granted by Special Term in this proceeding brought upon dishonored checks pursuant to CPLR 3213. While dishonor is conceded, defendant's principal's papers in opposition demonstrate a viable defense, raising a factual issue of lack of consideration. (See *Hahn v Mills,* 72 AD2d 958.) Specifically, it is claimed in opposition to the motion that goods ordered by defendant did not conform to the order, and that plaintiff had presented the checks for payment despite instructions that they be not presented until after a delivery conforming to the order. Further, defendant asserts that it was not credited with a substantial deposit that had been made, for which it seeks to counterclaim, and that there is also money due defendant for freight and other charges for return of the inferior merchandise, as well as customs duties assessed because of improper documents supplied by plaintiff. Defendant's averments were countered only by affirmations of counsel, obviously hearsay. So much for the operative facts. This sort of transaction between parties engaged in commerce is governed by the provisions of the Uniform Commercial Code. Subdivision (1) of section 2-513 of the Uniform Commercial Code provides that a buyer has the right to inspect goods tendered for delivery before becoming obligated to pay for them, and to reject nonconforming goods within a reasonable time (§ 2-601) as long as the buyer notifies the seller seasonably (§ 2-602, subd [1]), subject only to the test of good faith (§ 2-603, subd [3]). When the provisions of the statute are compared with defendant's conduct, it appears that the defense, if established at trial, would be sufficient. In these circumstances, CPLR 3213 has no application and summary judgment should not have been granted. Special Term relied on *Gershon v Tobacco Brokers* (47 AD2d 619), in granting summary judgment. That case is inapposite, no defense whatever being asserted by the defendant therein. As that court stated, "existence of another action, brought by plaintiff against the * * * [principal] of the defendant herein * * * is not a bar to an award of summary judgment". Not so here, where the defenses tendered relate to the very transaction asserted in the complaint, and between the identical parties in this action. We exercise discretion to require pleadings: there are too many facets to the instant transaction to justify the use of the relatively simple procedure afforded by CPLR 3213. Concur — Murphy, P. J., Sandler, Markewich, Silverman and Fein, JJ.