■ Ssangyong (U.S.A.) Inc., Respondent-Appellant, v Sung Ae Yoo et al., Appellants-Respondents. — Order, Supreme Court, New York County (Greenfield, J.), entered on November 17, 1981, which, upon reargument, adhered to a prior determination granting the plaintiff's motion for summary judgment and awarding a total sum of $41,006.55, plus interest, on two promissory notes, is unanimously modified, on the law, to the extent of reversing the award of summary judgment, the motion denied and otherwise affirmed, without costs. This action is purported to be one on instruments for the payment of money only. The plaintiff commenced a motion for summary judgment in lieu of complaint (CPLR 3213) based upon three promissory notes to pay a sum

certain delivered by defendants to plaintiff in February and May, 1979. The defendants are importers who sought to market in this country furniture manufactured in the Republic of Korea. To this end, on October 24, 1978, they entered into an agreement with the plaintiff whereby the plaintiff seller agreed to sell and defendant buyers agreed to purchase, "[p]roducts in the styles, types, sizes and quantities as shall from time to time be described in [b]uyer's purchase orders". All merchandise was purchased "as is, where is" and there was a clause in this agreement disclaiming any warranties, express or implied. In any event, on February 27, 1979, the defendants executed two promissory notes. A short while thereafter, the merchandise was delivered and the defendants informed the plaintiff that the goods were defective and nonconforming. The defendants sought to return these shipments. Nothing was done to resolve these controversies and on May 9, 1979, the defendants executed the third promissory note. The defendants only made part payments on these notes due to plaintiff's alleged breach. The plaintiff demanded payment, which was refused and the instant action commenced. Special Term granted plaintiff's motion for summary judgment in lieu of complaint on two of the three notes. The court reasoned that the notes stood on their own, separate and apart from the contract and are unconditional. We disagree. Generally, breach of a related contract will not in the ordinary course defeat summary judgment on the notes (*Logan v Williamson & Co.*, 64 AD2d 466). However, in the facts of the case now before this court, a fundamental question exists as to whether the agreement between these parties can be viewed as being distinct and separate from the notes. The notes were issued in accordance with the terms of this contract wherein the types, styles and quantities were to be specified in defendants' purchase order. The invoices, which were subsequently presented by the seller to the buyers, were in the same amount as the promissory notes. The question arises whether the notes were issued as a loan, as contended by the plaintiff, or whether the notes were delivered as part and parcel of a purchase agreement. A secondary issue is also raised as to whether the plaintiff, pursuant to this alleged sale, is a holder in due course of these notes. The record is insufficient to answer these questions. In addition, the defendants have alleged sufficient facts, which cannot be determined without a trial, as to whether the contract was entered into as a result of deceptive practices engaged in by the plaintiff. Defendants assert that the merchandise which was shipped and delivered was defective and nonconforming. Special Term found that a question of fact existed as to the second promissory note; it should have, likewise, recognized that these claims of fraud in the inducement, as to the remaining notes, should have been sufficient to defeat summary judgment despite the disclaimers in the underlying agreement (*Magi Communications v Jac-Lu Assoc.*, 65 AD2d 727). Accordingly, summary judgment should have been denied as to all three promissory notes. Concur — Kupferman, J. P., Ross, Lupiano, Bloom and Asch, JJ.