■ SHIRLEE RUBIN, Respondent, v RALPH HOCHSTEIN, Appellant. — In an action upon instruments for the payment of money only, defendant appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Coppola, J.), dated January 29, 1982, which was in favor of plaintiff upon the granting of her motion for summary judgment in lieu of complaint. Order and judgment reversed, with costs, motion denied, and case remitted to Special Term for further proceedings consistent herewith. Plaintiff brought this action, pursuant to CPLR 3213, by serving a notice of motion for summary judgment and supporting papers in lieu of a complaint with her summons. Defendant opposed the motion, raising the defenses of fraud and failure of consideration. Special Term held that defendant had failed to raise issues of fact as to these defenses, and granted the motion for summary·judgment without reaching the issue of plaintiff's status as a holder in due course. We conclude that Special Term erred. Defendant's affirmation in opposition raised a factual issue as to failure of consideration surrounding the making of these instruments. This assertion, if proved, constitutes a defense as against any person not having the rights of a holder in due course (see Uniform Commercial Code, §§ 3-408, 3-306, subd [c]). Plaintiff, upon whom rested the burden of showing that she was a holder in due course (see Uniform Commercial Code, § 3-307, subd [3]), failed to do so as a matter of law. Her conclusory statement that she obtained the instruments "as partial consideration for goods sold and delivered to a third party", without more, was not sufficient, in the context of a motion for summary judgment, to prove that she took the instruments "for value" (Uniform Commercial Code, § 3-302, subd [1], par [a]). Thus, as factual issues both as to the defense of failure of consideration and as to plaintiff's status as a holder in due course were raised, summary judgment was inappropriate (see *Andre v Pomeroy*, 35 NY2d 361; *Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.

■ JACK B. SOLERWITZ et al., Appellants, v DOLLAR SAVINGS BANK et al., Respondents. — Appeal from an order of the Supreme Court, Nassau County (Wager, J.), dated June 10, 1981, dismissed (see *Matter of Aho*, 39 NY2d 241, 248). Judgment of the same court, entered July 23, 1981, affirmed. No opinion. Respondents are awarded one bill of $50 costs and disbursements. Titone, J. P., Lazer, Brown and Niehoff, JJ., concur.

■ DONALD SWEENY, Appellant, v CONNECTICUT LIMOUSINE SERVICES, INC., Respondent. — Order of the Supreme Court, Nassau County, dated October 14, 1981, affirmed, with $50 costs and disbursements, for reasons stated in the opinion of Justice Lockman at Special Term. Mangano, J. P., Gibbons, O'Connor and Thompson, JJ., concur.