■ FOPECO, INC., Formerly Known as F.O. PIERCE COMPANY, Respondent, v GENERAL COATINGS TECHNOLOGIES, INC., et al., Appellants. — Appeal from an order entered July 5, 1984 in Supreme Court, New York County (Martin Evans, J.), unanimously dismissed, without costs, as subsumed in the judgment entered thereon July 9, 1984; the latter is unanimously modified, on the law, to the extent of denying plaintiff's motion for summary judgment in its entirety, and the judgment is otherwise affirmed, with costs, but without prejudice to defendants renewing their motion for consolidation in Kings County Supreme Court.

This is an action on a promissory note given by defendant General Coatings (GCT) and guaranteed by GCT's parent company, defendant Pentagon, "[f]or value received and in consideration of the sale and conveyance of * * * assets". The underlying transaction was plaintiff's sale to GCT of its paint supply business and inventory. Given at the closing on the sale, the promissory note called for 13 equal monthly payments, with acceleration of the balance due on default. GCT made payments through the sixth month but refused to make the seventh payment on January 15, 1984. Four days later plaintiff began an action in Kings County alleging five causes of action: (1) breach of assets purchase agreement; (2) conversion of accounts receivable; (3) conversion of property; (4) payment due for equipment; and (5) breach of agreement on continued occupancy of plaintiff's premises, with surrender delayed. In addition to general denials, defendant asserted 14 counterclaims, including the assertion that there was a (substantial) failure of consideration at the June, 1983 closing.

Thereafter plaintiff commenced this action in New York County for summary judgment in lieu of a complaint (CPLR 3213) based on the promissory note. The supporting affidavit by plaintiff's attorney noted that the promissory note of GCT was given "as payment for assets purchased."

Defendants moved, pursuant to CPLR 602, for consolidation of this action with the Kings County action. Special Term granted the summary judgment motion and denied the cross motion for consolidation as moot. This was error.

While, as a general rule, the breach of a related contract cannot defeat summary judgment on a promissory note, where "a fundamental question exists as to whether the agreement

between these parties can be viewed as being distinct and separate from the note", summary judgment must be denied. (*Ssangyong [U.S.A.] v Sung Ae Yoo,* 88 AD2d 572, 573.) If proven at trial, lack of consideration is a perfectly viable defense. (*Lyons Emprise v Dragon Jade Trading Co.,* 86 AD2d 562, 563, citing *Hahn v Mills,* 72 AD2d 958.) Both the maker of the note and the guarantor can assert this defense in defeat of summary judgment since "neither the principal nor the guarantor is accountable for anything which has not been received." (*Walcutt v Clevite Corp.,* 13 NY2d 48, 56; see, also, *Durable Group v De Benedetto,* 85 AD2d 524; *Logan v Williamson & Co.,* 64 AD2d 466, 469-470.)

Lastly, we agree with defendants that this action should properly be consolidated with the Kings County action, and we therefore grant leave to renew this motion in that court. Concur — Ross, J. P., Carro, Fein, Lynch and Kassal, JJ.