■ A. DAVID SCHWARTZ, M.D., P.C. PENSION TRUST, Respondent, v MASTERCRAFT INDUSTRIES, INC., Appellant.—In an action on a promissory note, commenced by service of a summons and notice of motion for summary judgment in lieu of a complaint, defendant appeals from an order of the Supreme Court, Rockland County (Walsh, J.), dated January 3, 1984, which granted summary judgment to the plaintiff and ordered a hearing to determine attorney's fees.

Order reversed, with costs, and motion for summary judgment in lieu of a complaint denied. Plaintiff's time to serve a complaint is extended until 20 days after service upon defendant of a copy of the order to be made hereon, with notice of entry, and defendant shall serve its answer within 20 days after service of the complaint.

Defendant is the maker of a promissory note dated Septem-

ber 30, 1982 and payable one year thereafter to the order of the Creek Industrial Center, Inc. (hereinafter Creek). The note provided for acceleration and payment of principal and accrued interest upon the issuance of a certificate of occupancy with respect to the improvement of certain premises conveyed to defendant on September 30, 1982 and to be improved pursuant to a contract between the parties dated 17 days earlier. The note was negotiated by Creek to plaintiff A. David Schwartz, M.D., P.C. Pension Trust in or about March 1983. Upon presentment of the note by plaintiff for payment, defendant refused to honor the note or make payment.

Plaintiff thereafter commenced the instant action by service of a summons and notice of motion for summary judgment in lieu of a complaint. Special Term granted the motion to the extent of permitting plaintiff to enter judgment against defendant in the amount of the reduced principal owed at the time, with interest, and directed a hearing as to the issue of reasonable attorney's fees. The order relegated defendant to a plenary action against Creek for any breach of contract damages claimed, stating that such a claim, even if it stemmed from the alleged breach of a separate but contemporaneous contract executed as part of the general transaction, must be tried separately. We reverse.

Initially, we note that defendant's proposed claim against Creek, in an amount greater than the balance due on the note, was for the cost of completing work on the premises conveyed by Creek to defendant and as to which the parties had contracted, as referred to in the note. Creek allegedly breached this contract. Since the contract for construction improvements was not merely related to the existence of the promissory note but was apparently the reason for its execution, defendant would have been entitled to assert a counterclaim had Creek, as payee, commenced this action pursuant to CPLR 3213 *(see, Fine v Di Stanti,* 79 AD2d 673; *Ssangyong [U.S.A.] Inc. v Sung Ae Yoo,* 88 AD2d 572).

As the note was negotiated to plaintiff, the foregoing is relevant only if plaintiff is not a holder in due course, in which case it would not hold the note free of this defense by defendant *(see, Rubin v Hochstein,* 89 AD2d 621). In determining whether the assignee of a note obtained it in good faith, one of the requisites for establishing holder in due course status (UCC 3-302 [1]), all the circumstances of the case must be considered *(City of New York v Nic Homes,* 44 Misc 2d 440, 442).

The circumstances at bar include that A. David Schwartz,

plaintiff's trustee, alleged that the plaintiff purchased the note for valuable consideration, and at the time of the negotiation, had no knowledge of any claim or defense to the note. This court views the following facts as equally relevant, however. The law firm for Creek is also the firm representing the plaintiff and A. David Schwartz is the brother of a named partner of that firm. In addition, another member of that firm is apparently Creek's president, as evidenced by his signature on the note indorsing it over to plaintiff. The indorsement, incidentally, is undated. There is also no proof, other than A. David Schwartz's affirmation, as to the consideration paid for the note. Thus, defendant persuasively claims that it cannot at the present time controvert plaintiff's claim as a holder in due course other than by pointing to these facts.

Defendant has set forth sufficient questions as to raise the issue of whether plaintiff truly is a holder in due course *(cf. Ssangyong [U.S.A.] Inc. v Sung Ae Yoo, supra).* Although notice, for purposes of determining holder in due course status, means actual, subjective knowledge of defenses *(Indyk v Habib Bank,* 694 F2d 54), such knowledge on the part of plaintiff cannot be determined absent discovery *(see, Dube v Cromwell Drug Co.,* 284 App Div 1040, *lv denied* 285 App Div 807; *Bank Leumi Trust Co. v Felner,* 70 AD2d 869). Given plaintiff's burden of showing that it acquired the note in good faith *(see, Budget Charge Accounts v Petrowski,* 155 NYS2d 681), summary judgment was improvidently granted at bar. Pleadings are required, during which time defendant shall be given the opportunity to pursue discovery and, should it so choose, to join Creek as a third-party defendant. Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.