■ PHILIP I. MINTZ et al., Appellants, v DALLEK & ZARET ASSOCIATES, LTD., et al., Respondents. (Action No. 1.) GERALD H. DALLEK, Respondent, v IRA B. LAMPERT, Appellant. (Action No. 2.)—In an action, *inter alia,* to recover damages for breach of contract and for declaratory and injunctive relief (action No. 1), and in an action to recover on a promissory note (action No. 2), the plaintiffs in action No. 1 and the defendant in action No. 2, appeal from an order of the Supreme Court, Nassau County (Pantano, J.), entered May 15, 1985, which granted the motion of the plaintiff in action No. 2 pursuant to CPLR 3213 for summary judgment in lieu of complaint, and denied the cross motion of the plaintiffs in action No. 1 to consolidate the two actions.

Order affirmed, with costs.

In support of his motion for summary judgment in lieu of complaint, the plaintiff in action No. 2, Gerald H. Dallek, submitted the promissory note at issue, the bill of sale concerning the goods (two horses) transferred, and two notices of default sent to the defendant in action No. 2, Ira B. Lampert. Lampert, in response, asserted that his default on the promissory note was excusable because Dallek breached a separate but related covenant not to compete with the plaintiffs in action No. 1. To support this contention, Lampert submitted a "buy-out" agreement, whereby the plaintiff in action No. 1 received Dallek's shares of stock in the plaintiff Gerald H. Dallek, P. C., in exchange for certain monetary consideration.

Special Term granted Dallek's motion for summary judgment in lieu of complaint, finding that Lampert had not asserted a valid defense or an excuse for his default. We agree. Dallek made out a prima facie case by submitting the promissory note and the notices of default *(see, Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151, 155; *Seaman-Andwall Corp. v Wright Mach. Corp.,* 31 AD2d 136, *affd* 29 NY2d 617; *North Fork Bank & Trust Co. v Cardiff Rose Enters.,* 104 AD2d 932, 933). Lampert attempts to rebut the prima facie case by asserting that Dallek's breach of the covenant not to compete constituted a failure of consideration with respect to the agreement for the sale of the horses. However, there is no language in either the promissory note or the bill of sale to indicate that the agreements were conditional upon each other. Therefore, since Lampert has not denied receiving the goods (the two horses) underlying the

promissory note, summary judgment was properly granted to Dallek (see, *Fopeco, Inc. v General Coatings Technologies,* 107 AD2d 609, 610; *Ssangyong [U.S.A.], Inc. v Sung Ae Yoo,* 88 AD2d 572, 573; *Logan v Williamson & Co.,* 64 AD2d 466, *appeal dismissed* 46 NY2d 996).

In view of the foregoing disposition, Special Term correctly denied as moot Lampert's cross motion for consolidation of the two actions. Bracken, J. P., Brown, Weinstein and Niehoff, JJ., concur.