■ INFOTECH MANAGEMENT, INC., Respondent, v C. AUSTIN BURRELL, Appellant, et al., Defendant.—Order and judgment of the Supreme Court, New York County (Louis Grossman, J.), entered on or about April 21, 1987, and June 9, 1987, respectively, which granted plaintiff Infotech Management, Inc. summary judgment in lieu of complaint, unanimously reversed to the extent appealed, on the law, without costs, the motion for summary judgment in lieu of complaint pursuant to CPLR 3213 denied and the judgment vacated as to appellant, without prejudice to any further proceedings after service of pleadings. The complaint shall be served within 20 days after service upon plaintiff by defendant of a copy of the order to be entered hereon, with notice of entry, and the answer shall be served within 20 days after service of the complaint.

Plaintiff-respondent, Infotech Management, Inc. (Infotech), made a motion for summary judgment in lieu of complaint pursuant to CPLR 3213, seeking judgment against defendant-appellant Burrell and defendant Kovalevich, a nonparty to this appeal, upon their promissory note in the amount of $25,000. Infotech is the assignee of the note, the original payee having been Marvin Feldman. The court granted plaintiff's motion, ruling that the instrument was one for the payment of money only, that Infotech was a holder in due course, that defendant raised no meritorious defenses to the note and that "[t]he various relationships between Burrell and others are irrelevant to the plaintiff's claim."

The Uniform Commercial Code defines a holder in due course as

"a holder who takes the instrument

"(a) for value; and

"(b) in good faith; and

"(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person." (UCC 3-302 [1].)

In *Schwartz, M.D., P. C., Pension Trust v Mastercraft Indus.* (114 AD2d 946, 947), the Second Department held that under certain facts the determination of whether the assignee of a note in fact obtained the note in good faith and absent

knowledge of any defense may require a court to consider "all the circumstances of the case."

In that case, plaintiff had made conclusory allegations, supported only by affidavits, that it had purchased the note for valuable consideration and without knowledge of any claim or defense. The court ruled that these allegations were insufficient to negate the questions raised by defendant's demonstration of intricate, interlocking family and business ties between plaintiff assignee and the original payee on the note, which suggested that plaintiff may not truly have been a holder in due course. (Supra, at 948.) Accordingly, the court held that summary judgment had been improvidently granted, that pleadings were required, and that the defendant would be entitled to pursue discovery and join the original payee as a third-party defendant. (Supra.)

The facts at bar compel the same result. As in *Schwartz (supra)*, defendant Burrell has been able to trace the existence of interlocking family and business ties between plaintiff assignee Infotech and the original payee on the note, Marvin Feldman, sufficient to raise questions as to plaintiff's status as a holder in due course. These issues were not refuted by plaintiff's conclusory allegations, without any evidentiary support, that Feldman sold plaintiff the note for good and sufficient consideration. We note as well that plaintiff has never even asserted that it lacked knowledge of any defense to the note.

Accordingly, summary judgment was improperly granted. As in *Schwartz (supra)*, pleadings are required and defendant should have the opportunity to pursue discovery and, if he chooses, to join Feldman as a third-party defendant. Concur— Murphy, P. J., Carro, Asch, Milonas and Ellerin, JJ.