■ JAMES FAMOLARO, Respondent, v CREST OFFSET, INC., et al., Appellants. [807 NYS2d 387]—

In an action to recover on a promissory note and guaranty, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Loughlin, J.), dated January 3, 2005, as, in effect, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff sustained his initial burden of demonstrating his entitlement to judgment as a matter of law by submitting proof of the existence of the underlying note and guaranty executed

by the defendants, the unconditional terms of repayment, and the defendants' failure to make payment (*see MDJR Enters. v LaTorre*, 268 AD2d 509 [2000]; *E.D.S. Sec. Sys. v Allyn*, 262 AD2d 351 [1999]; *Capital Circulation Corp. v Gallop Leasing Corp.*, 248 AD2d 578 [1998]). It was then incumbent upon the defendants to demonstrate by admissible evidence, the existence of a triable issue of fact with respect to a bona fide defense (*see MDJR Enters. v LaTorre, supra; Capital Circulation Corp. v Gallop Leasing Corp., supra; Colonial Commercial Corp. v Breskel Assoc.*, 238 AD2d 539 [1997]).

The Supreme Court properly determined that the plain language of the note and guaranty precluded the defendants from raising the defense of breach of the bill of sale's covenant not to compete (*see E.D.S. Sec. Sys. v Allyn, supra; Mintz v Dallek & Zaret Assoc.*, 120 AD2d 654 [1986]; *Raven El. Corp. v Finkelstein*, 223 AD2d 378 [1996]). Moreover, the defendants' unsupported conclusory allegations with respect to this defense were insufficient to defeat the plaintiff's motion (*see Layden v Boccio*, 253 AD2d 540 [1998]; *E.D.S. Sec. Sys. v Allyn, supra; Capital Circulation Corp. v Gallop Leasing Corp., supra*). Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.