*215 OPINION OF THE COURT
Debra A. James, J.
The court shall deny plaintiffs motion for summary judgment on its complaint, to dismiss the answer and enter a monetary judgment in its favor. Pursuant to CPLR 3212 (b), having searched the record, the court shall grant defendants summary judgment on their second affirmative defense that alleges that “Defendants received no consideration to support the alleged indebtedness to Plaintiff” and shall enter judgment dismissing the complaint.
The court considers plaintiffs application for summary judgment notwithstanding the defect in its notice of motion because plaintiff sufficiently set forth its request for such relief in the wherefore clause of the affirmation appended to such notice.*
Plaintiff seeks to collect sums due upon an equipment lease for printing machinery. It is uncontested that the defendants signed the equipment lease agreement, continuing guaranty, delivery and acceptance certificate, and acceptance of equipment and amendment to lease (hereinafter referred to collectively as equipment lease agreements). It is not controverted that schedule A to the equipment lease agreements sets forth the name of the vendor or supplier of the equipment as K2 Systems Group, who was selected by the defendants. The plaintiff does not contest defendants’ argument that in spite of defendants’ execution of the acceptance certificate the equipment was never delivered as the vendor was in bankruptcy at the time defendants entered into the equipment lease agreements. It is also agreed that the amendment to the equipment lease states in pertinent part that:
“[i]n consideration of Lessor’s agreement to advance *216 funds as requested above, Lessee agrees to immediately commence payments under the Lease, even though all of the Equipment may not yet be installed. Lessee agrees that, in order to induce Lessor to make payment as described above, the Lease will be in full force and effect immediately upon execution of this Amendment, as will Lessee’s duty to make all payments and to fulfill all other obligations pursuant to the Lease. Should any item of Equipment not be delivered, Lessee alone shall be responsible and shall have recourse only to the appropriate Vendor . . . Nondelivery of any item of Equipment shall not relieve Lessee of the obligation of payment in full under the Lease.”
Plaintiff’s argument that the court must strike the “Defendants’ ‘Second Affirmative Defense’ that Defendants received no consideration to support the alleged indebtedness to Plaintiff . . . because it directly contradicts the Amendment in which Defendants promised to pay each and every payment under the Lease Agreement regardless of nondelivery, misdelivery, nonperformance or misperformance of the Equipment” begs the question whether the equipment lease agreements are void because of an absence of consideration.
Plaintiff describes itself as a financier of the equipment lease as defined in UCC 2-A-103. Subsection (1) (g) of that section provides:
“ ‘Finance lease’ means a lease with respect to which: (i) the lessor does not select, manufacture, or supply the goods; (ii) the lessor acquires the goods or the right to possession and use of the goods in connection with the lease; and (iii) one of the following occurs: (A) the lessee receives a copy of a contract by which the lessor acquired the goods or the right to possession and use of the goods before signing the lease contract; (B) the lessee’s approval of the contract by which the lessor acquired the goods or the right to possession and use of the goods is a condition to effectiveness of the lease contract; (C) the lessee, before signing the lease contract, receives an accurate and complete statement designating the promises and warranties, and any disclaimers of warranties, limitations or modifications of remedies, or liquidated damages, including those of any third party, such as the manufacturer of the goods, provided to the lessor by the person supply *217 ing the goods in connection with or as part of the contract by which the lessor acquired the goods or the right to possession and use of the goods; or (D) if the lease is not a consumer lease, the lessor, before the lessee signs the lease contract, informs the lessee in writing (a) of the identity of the person supplying the goods to the lessor, unless the lessee has selected that person and directed the lessor to acquire the goods or the right to possession and use of the goods from that person, (b) that the lessee is entitled under this Article to the promises and warranties, including those of any third party, provided to the lessor by the person supplying the goods in connection with or as part of the contract by which the lessor acquired the goods or the right to possession and use of the goods, and (c) that the lessee may communicate with the person supplying the goods to the lessor and receive an accurate and complete statement of those promises and warranties, including any disclaimers and limitations of them or of remedies.”
Subsection (1) (g) (iii) (D) above is the definition that pertains to the equipment lease agreements. The equipment lease agreements do not constitute a finance lease under such definition. They fail to inform defendants that they are entitled to any “promises and warranties . . . provided to the [plaintiff] by the [vendor] in connection with or as part of the contract by which the lessor acquired the goods or the right to possession and use of the goods,” as UCC 2-A-103 (1) (g) (iii) (D) (b) provides. Nor were defendants informed in writing or otherwise that they might “communicate with the person supplying the goods to the [plaintiff] and receive an accurate and complete statement of those promises and warranties, including any disclaimers and limitations of them or of remedies,” as required in UCC 2-A-103 (1) (g) (iii) (D) (c). Indeed nowhere in any of the fine print or other words of the lease equipment agreements is there any provision that plaintiff acquired the equipment or the right to possession and use of the equipment, much less reference to any promises and warranties made by the vendor or any third party flowing to the plaintiff from its acquisition or right to possess and use the equipment.
While the equipment lease agreements state that “Lessor is the owner of the Equipment for all purposes,” it does not state how it derives such ownership. Moreover, the term in the equip *218 ment lease amendment that “Nondelivery of any item of Equipment shall not relieve Lessee of the obligation of payment in full under the Lease” makes irrelevant the question of plaintiffs acquisition or right to possess and use the equipment. On that basis, this court finds that the equipment lease agreements fail for lack of consideration.
In Lyons Emprise v Dragon Jade Trading Co. (86 AD2d 562 [1st Dept 1982]), the Appellate Division overturned Special Term’s grant of summary judgment to a vendor, finding that the defendant’s contention that the delivered goods were nonconforming and inferior constituted a viable defense and raised a question of fact as to whether the transaction lacked consideration. Here, rather than allegations of nonconforming or inferior goods delivered to the defendants as in Lyons Emprise, the record establishes that no equipment was ever delivered to defendants through no fault of their own. Analogizing the facts and applying the law of Lyons Emprise, the equipment lease agreement at bar, which obligated the defendants to remit all lease payments irrespective of whether the goods (i.e., leased equipment) were ever delivered, and plaintiffs concession that the leased equipment in fact was never delivered to defendants due to the vendor’s bankruptcy, establish the defendants’ second affirmative defense of lack of consideration, as a matter of law. Other facts in the parties’ papers further support the court’s determination that the transaction is void for lack of consideration. The defendants present evidence that the plaintiff was aware of the bankruptcy of the vendor at the time of lease execution and should be held responsible for the vendor’s misrepresentations as to its ability to deliver the subject equipment. There is no dispute that the vendor had filed for bankruptcy months before the defendant entered into the subject lease. Defendants also produce a copy of an e-mail from the vendor to defendants stating that plaintiff was a “finance company we work with quite a bit.” The factual query as to plaintiff’s involvement and awareness of the financial condition of the vendor and whether the plaintiff fraudulently concealed such information from the defendants in inducing them to enter into the lease would be apposite were plaintiff claiming holder in due course status. (See Advanta Bus. Servs. Corp. v Five C’s Hardware & Paint Store, 256 AD2d 369, 370-371 [2d Dept 1998] [“relationship between the vendor, the financial company, and the assignee, should be looked at to determine whether the assignee is so directly interested and *219 involved in the transaction that there is an identity of interest . . . Here there is evidence of co-participation in the underlying transaction” such that summary judgment was properly denied].)
Here, however, there was no assignment, so inapposite is the question whether “plaintiff took the assignment of the subject lease from the lessor in good faith and for value.” Thus, Advanta is inapplicable to the facts at bar, because while the Advanta financial company was an assignee, and as such claimed to be a holder in due course of the lease, plaintiff here, as finance lessor, cannot and does not claim such status. This distinction is important because the lessee in Advanta would have had the right to assert claims, defenses and/or setoffs against the lessor/ assignor. Here, there was no contract between defendants and the vendor against which defendants might assert nondelivery of the equipment as a claim. Nor does the record contain any evidence of a contract between plaintiff and the vendor for the equipment. Therefore, by extension, the equipment lease agreements did not and could not inform defendants of any promises or warranties it would have against the vendor or any third party arising out of any contract under which plaintiff acquired rights to the equipment. In fact in the equipment lease agreements plaintiff itself disclaimed any promises or warranties or other responsibilities with respect to the leased equipment. This further evidences a lack of consideration upon the principle that “[u]nless both parties to a contract are bound so that either has a cause of action for breach thereof, neither is bound.” (Transatlantic Rapid Sys., Inc. v Decoulos, 270 App Div 987 [1st Dept 1946].)
Defendants assert further evidence of a lack of value pointing out that plaintiff itself, as lessor, failed to perform under the equipment lease agreements, and, therefore, is not entitled to enforce the lessee’s obligation. Plaintiff admits in its moving papers that it failed to make all the contracted for payments to the vendor by withholding a payment of $14,000. Plaintiff states that it withheld such payment upon learning from the defendants that the equipment had not been delivered. However, the equipment lease agreements are silent as to the plaintiff’s right vis-á-vis the vendor, with respect, for example, to advance partial payment and the amounts and timing of any such partial payments to the vendor. Although the plaintiff alleges that it withheld payment from the vendor as an accommodation to the defendants, such accommodation was not an exchange of *220 “something of real value in the eye of the law” under the equipment lease agreements in question (Apfel v Prudential-Bache Sec., 81 NY2d 470, 476 [1993] [internal quotation marks omitted]), but only a detriment to the vendor, a nonparty to such equipment lease agreements. Such accommodation, therefore, did not constitute consideration to defendants that would rescue the equipment lease agreements. A different case would be presented had the plaintiff represented that the equipment had been delivered to defendants and that it had performed by making payments to the vendor, even had the defendants averred otherwise. (See Wells Fargo Bank Minn., N.A. v CD Video, Inc., 22 AD3d 351, 352 [1st Dept 2005] [“defendant lessee was bound by its contrary written representation that the lessor had performed ‘fully and satisfactorily’ ”].) Evidence that a lessee under an equipment lease has signed an acceptance acknowledging receipt of the equipment is normally conclusive on that issue (see Master Lease Corp. v Manhattan Limousine, 177 AD2d 85, 91 [2d Dept 1992]). In any event, such scenario would not present the problem of an absence of consideration.
Finally, plaintiffs cause of action on the guaranty also fails. As plaintiff is unable as a matter of law to prove the underlying debt, its enforcement of the guaranty claim must also be dismissed. (Davimos v Halle, 35 AD3d 270 [1st Dept 2006].)
For the foregoing reasons, the court shall deny the plaintiffs motion for summary judgment and, having searched the record, shall grant summary judgment in favor of the defendants and against the plaintiff dismissing the complaint.
Accordingly, it is ordered that the plaintiffs motion for summary judgment is denied; and it is further ordered that the defendants are awarded summary judgment dismissing the complaint in its entirety; and it is farther ordered and adjudged that the clerk shall enter judgment.

 In its notice of motion, plaintiff seeks a default judgment under CPLR 3215, when the plaintiffs own papers state the defendants have not defaulted and have answered in this action. It appears from the parties’ papers that the plaintiff intended to move for summary judgment, but the plaintiff does not address the defect in the notice of motion in its reply papers even though the defendants raise the argument in their opposition. Where a party fails to request relief in the notice of motion the court has the discretion to deny the relief. (See Arriaga v Laub Co., 233 AD2d 244, 245 [1st Dept 1996] [where “plaintiffs failed to formally and specifically demand” judgment “in either the notice of motion or the ‘wherefore’ clause (CPLR 2214 [a]), it cannot be said that the IAS Court erred in denying such relief’].) However, “a court may grant relief that is warranted by the facts plainly appearing on the papers on both sides, if the relief granted is not too dramatically unlike the relief sought, the proof offered supports it, and there is no prejudice to any party.” (Frankel v Stavsky, 40 AD3d 918, 918-919 [2d Dept 2007].)