■ JPMORGAN CHASE BANK, N.A., Respondent, v BUSINESS PAYMENT SYSTEMS, LLC, et al., Appellants. [4 NYS3d 901]—In an action to recover on a promissory note and guaranty, the defendants appeal from a judgment of the Supreme Court, Nassau County (Goodstein, J.), entered February 5, 2013, which, upon an order of the same court entered January 23, 2013, granting the plaintiff's motion for summary judgment on the complaint, is in favor of the plaintiff and against them in the principal sum of $90,087.47. The notice of appeal from the order entered January 23, 2013, is deemed to be a notice of appeal from the judgment entered February 5, 2013 (*see* CPLR 5512 [a]).

Ordered that the judgment is affirmed, with costs.

In support of its motion for summary judgment on the complaint, the plaintiff met its initial burden of demonstrating its prima facie entitlement to judgment as a matter of law by submitting proof of the existence of an underlying note and guaranty executed by the defendants, the unconditional terms of repayment, and the defendants' failure to make payment (*see Manufacturers & Traders Trust Co. v Capital Bldg. & Dev., Inc.,* 114 AD3d 912, 912-913 [2014]; *Griffon V, LLC v 11 E. 36th, LLC,* 90 AD3d 705, 706 [2011]; *JPMorgan Chase Bank, N.A. v Galt Group, Inc.,* 84 AD3d 1028, 1029 [2011]; *Famolaro v Crest Offset, Inc.,* 24 AD3d 604, 604 [2005]). In this regard, we, like the Supreme Court, reject the defendants' contention that the loan documents submitted by the plaintiff in support of its motion were "illegible." In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact (*see Manufacturers & Traders Trust Co. v Capital*

*Bldg. & Dev., Inc.,* 114 AD3d at 912-913; *Griffon V, LLC v 11 E. 36th, LLC,* 90 AD3d at 706; *Famolaro v Crest Offset, Inc.,* 24 AD3d at 604).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint, and entered judgment accordingly. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.