■ City National Bank, a National Banking Association, for Itself and as Acquirer of Certain Assets and Liabilities of Imperial Capital Bank, from the Federal Deposit Insurance Corporation Acting as Receiver, Respondent, v Foundry Devel-

In an action to recover on promissory notes and a personal guaranty, the defendants Foundry Development Group, LLC, Herman Freund, and Albert Weiss appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Onofry, J.), dated September 3, 2013, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaims, and granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability insofar as asserted against them and dismissing their counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

In October 2009, the plaintiff's predecessor-in-interest, Imperial Capital Bank (hereinafter Imperial), commenced this action to recover on three promissory notes and a personal guaranty executed by the defendants Herman Freund and Albert Weiss, after the defendant Foundry Development Group, LLC (hereinafter Foundry), allegedly defaulted in paying the principal and interest due on September 1, 2009, the maturity date of the notes. In their answer, Foundry, Freund, and Weiss (hereinafter collectively the defendants) asserted counterclaims, alleging, inter alia, that Imperial "prevented . . . Foundry from extending the maturity date[ ] of the Notes." In February 2013, the caption was amended to substitute the plaintiff for Imperial, after the subject loans were acquired by the plaintiff. The defendants moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaims. The plaintiff cross-moved, inter alia, for summary judgment on the issue of liability insofar as asserted against the defendants and dismissing the defendants' counterclaims. In the order appealed from, the Supreme Court, among other things, denied those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaims, and granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability insofar as asserted against the defendants and dismissing the defendants' counterclaims.

The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting proof of the existence of

the notes and the guaranty executed by Freund and Weiss, the unconditional terms of repayment, and Foundry's failure to make payment of the amounts due on the maturity date. In addition, the plaintiff made a showing that the maturity date of the notes was not extended because the defendants failed to comply with certain conditions imposed by Imperial for an extension, including "the absence of any Event of Default" by Foundry (see *JPMorgan Chase Bank, N.A. v Business Payment Sys., LLC*, 127 AD3d 822 [2015]; *Manufacturers & Traders Trust Co. v Capital Bldg. & Dev., Inc.*, 114 AD3d 912 [2014]; *German Am. Capital Corp. v Oxley Dev. Co., LLC*, 102 AD3d 408 [2013]; *Flushing Unique Homes, LLC v Brooklyn Fed. Sav. Bank*, 100 AD3d 956, 957 [2012]).

In opposition to the plaintiff's prima facie showing that there were various "Events of Default" by Foundry prior to the maturity date, the defendants failed to raise a triable issue of fact. Moreover, since the option to extend the maturity date could only be exercised in "the absence of any Event of Default" by Foundry, the defendants failed to raise a triable issue of fact as to whether they had satisfied the conditions for extending the maturity date. Further, in view of a "No Waiver" provision in the subject mortgages and Imperial's express reservation of rights when it initially declared Foundry in default in December 2008 based on certain "Events of Default," the defendants failed to raise a triable issue of fact as to whether Imperial, by having entertained discussions concerning a potential extension of the maturity date, waived its right to declare the defendants in default after the maturity date (see *Flushing Unique Homes, LLC v Brooklyn Fed. Sav. Bank*, 100 AD3d at 958; *First Union Mtge. Corp. v Fern*, 298 AD2d 490, 491 [2002]).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaims, and granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability insofar as asserted against the defendants and dismissing the defendants' counterclaims. Dillon, J.P., Dickerson, Chambers and Barros, JJ., concur.

