City Natl. Bank v Foundry Dev. Group, LLC (2018 NY Slip Op 02765)





City Natl. Bank v Foundry Dev. Group, LLC


2018 NY Slip Op 02765


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2015-11632
 (Index No. 11406/09)

[*1]City National Bank, etc., respondent, 
v
Foundry Development Group, LLC, et al., appellants, et al., defendants.


Blustein, Shapiro, Rich & Barone, LLP, Goshen, NY (Gardiner S. Barone and Rebecca Johnson of counsel), for appellants.
Andriola Law, PLLC, New York, NY (James M. Andriola of counsel), for respondent.



DECISION & ORDER
In an action to recover on three promissory notes and a personal guaranty, the defendants Foundry Development Group, LLC, Herman Freund, and Albert Weiss appeal from a judgment of the Supreme Court, Orange County (Robert A. Onofry, J.), dated October 5, 2015. The judgment, upon an order of the same court dated September 3, 2013, granting that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against the appellants, and, upon an inquest, is in favor of the plaintiff and against them in the principal sum of $3,668,947.74.
ORDERED that the judgment is affirmed, with costs.
In October 2009, the plaintiff's predecessor-in-interest, Imperial Capital Bank (hereinafter Imperial), commenced this action to recover on three promissory notes and a personal guaranty executed by the defendants Herman Freund and Albert Weiss, after the defendant Foundry Development Group, LLC (hereinafter Foundry), defaulted in paying the principal and interest due on September 1, 2009, the maturity date of the notes. The caption was later amended to substitute the plaintiff for Imperial, after the subject loans were acquired by the plaintiff. The defendants Foundry, Freund, and Weiss (hereinafter collectively the defendants), moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff cross-moved, among other things, for summary judgment on the issue of liability insofar as asserted against the defendants. In an order dated September 3, 2013, the Supreme Court, inter alia, denied that branch of the defendants' motion and granted that branch of the plaintiff's cross motion. On a prior appeal, this Court affirmed the order dated September 3, 2013, insofar as appealed from (see City Natl. Bank v Foundry Dev. Group, LLC, 129 AD3d 1011). After an inquest on damages, the court entered judgment in favor of the plaintiff and against the defendants in the principal sum of $3,668,947.74. The defendants appeal from the judgment.
Contrary to the defendants' contention, the Supreme Court properly determined that certain exhibits presented at the inquest were admissible under the business records exception to the hearsay rule (see CPLR 4518[a]). " A proper foundation for the admission of a business record must [*2]be provided by someone with personal knowledge of the maker's business practices and procedures'" (Cadlerock Joint Venture, L.P. v Trombley, 150 AD3d 957, 959, quoting Citibank, N.A. v Cabrera, 130 AD3d 861, 861). Here, the plaintiff's witness testified that she was personally familiar with the record keeping practices and procedures of the plaintiff and Imperial, and, thus, the plaintiff laid a proper foundation for the admission of the records (see Yellow Book of N.Y., L.P. v Cataldo, 81 AD3d 638, 639-640).
The defendants' remaining contentions are without merit.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court