■ PAN ATLANTIC GROUP, INC., Appellant, v ROBERT J. ISACSEN, Respondent.—In an action on a promissory note, commenced by service of a summons and notice of motion for summary judgment in lieu of a complaint, plaintiff appeals from an order of the Supreme Court, Westchester County (Dickinson, J.), dated April 30, 1984, which denied its motion for summary judgment, with leave to serve a complaint.

Order affirmed, with costs. Plaintiff's time to serve a complaint is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry, and defendant shall serve his answer within 20 days after service of the complaint.

Defendant has set forth sufficient allegations in his affidavit in opposition to plaintiff's motion for summary judgment in lieu of a complaint to raise an issue of fact as to whether he was fraudulently induced to execute the promissory note in question (cf. *Boylan v Morrow Co.,* 63 NY2d 616; *Grossberg v Grossberg,* 104 AD2d 439). Since there is no contention by plaintiff that it held the note in due course, the defense of

fraudulent inducement may be asserted against it *(see,* UCC 3-306 [b]; *Magi Communications v Jac-Lu Assoc.,* 65 AD2d 727). Moreover, in the absence of a merger clause in the note, receipt of evidence of the oral representations allegedly made on plaintiff's behalf is not precluded by the parol evidence rule *(see, Danann Realty Corp. v Harris,* 5 NY2d 317; *Magi Communications v Jac-Lu Assoc., supra; cf. New York State Urban Dev. Corp. v Garvey Brownstone Houses,* 98 AD2d 767). Mangano, J. P., Thompson, Bracken and Brown, JJ., concur.