■ REGAL LIMOUSINE, INC., Doing Business as ALLISON LIMOUSINE SERVICE, Respondent, v ALLISON LIMOUSINE SERVICE, LTD., Appellant, et al., Defendant. (Action No. 1.) ALLISON LIMOUSINE SERVICE, LTD., Appellant, v REGAL LIMOUSINE, INC., Respondent. (Action No. 2.)—In an action to recover damages for fraud and breach of contract (action No. 1), and in an action to recover on promissory notes executed pursuant to

the contract (action No. 2), Allison Limousine Service, Ltd. (hereinafter Allison) appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), dated February 9, 1987, which denied its motion for summary judgment in lieu of complaint and granted the motion of Regal Limousine, Inc. for consolidation to the extent of ordering a joint trial of both actions.

Ordered that the order is affirmed, with costs.

The court correctly denied Allison's motion for summary judgment. Although generally breach of a related contract cannot defeat a motion for summary judgment on a promissory note, where, as here, the contract and underlying obligation are intertwined, the motion must be denied (see, Fopeco, Inc. v General Coatings Technologies, 107 AD2d 609).

The customer list referred to in the parties' agreement for the sale of Allison's limousine business formed an integral part of the proffered consideration, and, as such, allegations of fraudulent misrepresentations regarding its nature preclude summary judgment, despite the presence of disclaimers and merger clauses within the agreement (see, Hobart v Schuler, 55 NY2d 1023; Sabo v Delman, 3 NY2d 155). To bar a court from entertaining allegations of fraud in the inducement due to the presence of a merger clause is to permit the perpetration of the fraud without allowing the opportunity for redress to the victim (Sabo v Delman, supra, at 161).

Finally, a joint trial of the two actions was properly ordered in light of common issues of fact. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.