■ CONOLOG CORPORATION, Respondent, v P. R. ELECTRONICS EXPORT, INC., et al., Appellants.

Plaintiff Conolog Corporation moved for summary judgment in lieu of complaint pursuant to CPLR 3213 on four promissory notes issued by defendant P. R. Electronics Export, Inc. The instruments in question are for the payment of money and total $168,000, three in the amount of $50,000 each and the fourth for $18,000. They were all personally guaranteed by defendant Zeev Zahavi. Each of the promissory notes was presented for payment following maturity and was dishonored. The Supreme Court denied the motion for summary judgment "upon presentation of bond or other instrument to secure the possible indebtedness and in the amount of $150,000. If such security is not posted within thirty days of publication of this order in the *New York Law Journal,* the motion is granted." The basis for the court's decision was that "there may be issues of fact that require a trial, although frankly many of those issues, bottomed for the most part on allegations of fraud, are themselves suspect". When defendant failed to provide the specified undertaking, judgment was entered in favor of plaintiff. Defendants have appealed.

In opposition to plaintiff's motion for summary judgment in lieu of complaint, Rafy Yardeny, president of defendant corporation, contends that the notes were issued in response to a request for assistance from Robert Benou, president of plaintiff corporation, who allegedly claimed that Conolog needed to show a greater volume of orders for the product which it manufacturers. Although P. R. Electronics had no desire to

invest a large sum of money in purchasing goods for which it had no use, Yardeny purportedly agreed to make it appear that P. R. Electronics had ordered certain parts and would keep these products in storage, but would not pay for them until after they had been sold. Thus, since defendant corporation was not really ordering the goods or promising to pay for them on delivery, no purchase order was ever issued. Then, plaintiff corporation's shipment of the subject goods arrived nine months later, causing P. R. Electronics to lose a probable sale. Yardeny also asserts that Benou met with the former's employee, defendant Zeev Zahavi, while Yardeny was out of the country and persuaded him to sign the subject notes. However, Benou subsequently assured Yardeny that he would not deposit the notes and simply wanted to hold them in order to back up the "orders" which he had written. During another trip abroad by Yardeny, Benou supposedly approached another employee of P. R. Electronics, one Elaine Haber, and also induced her to sign the original notes. Yardeny states that in his absence the signatures of both Zahavi and Haber are required on checks executed by P. R. Electronics. According to Yardeny, Benou again represented that the notes would not be deposited, a commitment which he did not honor. Consequently, Yardeny urges that he was deceived and defrauded by Benou throughout the entire transaction.

It is evident that summary judgment on the promissory notes, which are clear and unambiguous on their face, may not be avoided merely by an unsupported allegation by defendant corporation and its employees that the notes in question, which it is conceded were issued by P. R. Electronics, were never intended to be presented for payment but were executed in furtherance of a scheme, undertaken with the knowledge and assistance of Yardeny, to mislead and defraud the customers of Conolog Corporation. Plaintiff, having established a prima facie case by proof of the notes and the failure to make payment thereon, is entitled to summary judgment in the absence of the submission by defendants of evidentiary facts showing the existence of a triable issue with respect to a bona fide defense (see, Gateway State Bank v Shangri-La Private Club, 113 AD2d 791, affd 67 NY2d 627). The notes herein demonstrate an unconditional obligation by defendants, who may not now validly claim that these notes were never to be paid (Kornfeld v NRX Technologies, 93 AD2d 772, affd 62 NY2d 686). As this court declared in Kornfeld v NRX Technologies (supra, at 773), "[t]o defeat a motion for summary judgment, whether brought under CPLR 3212 or in lieu of

complaint under CPLR 3213, the opposing party must assemble and lay bare its affirmative proof to demonstrate that genuine triable issues of fact exist". In that regard it is insufficient for defendants now to assert, without providing any evidentiary support thereof, that the notes were issued solely as part of an arrangement between Yardeny and Benou to aid plaintiff corporation in deceiving its customers and that these instruments were never meant to be deposited. The motion for summary judgment in lieu of complaint should, therefore, have been granted unconditionally, and it was error for the Supreme Court to deny the motion even with the prerequisite that defendants post a bond. Concur—Sandler, J. P., Ross, Carro and Milonas, JJ.