■ INPAR BUILDING CORPORATION, Respondent, v NIKI VEOUKAS, Appellant.—In an action pursuant to CPLR 3213 for payment on a check, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Becker, J.), dated October 27, 1987 which granted the plaintiff's motion for summary judgment and denied the defendant's motion to

consolidate the instant action with another action to recover damages for breach of contract, and (2) a judgment of the same court, dated December 4, 1987, which is in favor of the plaintiff and against her in the principal sum of $18,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with costs, the order is vacated, the plaintiff's motion for summary judgment is denied, the defendant's motion to consolidate is granted, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

Generally the breach of a related contract cannot defeat a motion for summary judgment on an instrument for the payment of money only. However, where, as here, the contract and instrument are intertwined, the motion should be denied (see, Regal Limousine v Allison Limousine Serv., 136 AD2d 534; cf., A. David Schwartz, M.D., P. C. Pension Trust v Mastercraft Indus., 114 AD2d 946). In the instant action the plaintiff Inpar Building Corporation (hereinafter Inpar) has sued to collect on a check issued to it by defendant Veoukas. In its moving papers, Inpar alleged that it performed the services required of it for payment. However, the defendant Veoukas has instituted another action, inter alia, to recover damages for breach of that part of the contract which gave rise to the disputed payment. As Veoukas's suit on the contract is sufficiently intertwined with Inpar's suit on the check, summary judgment is denied (see, A. David Schwartz, M.D., P. C. Pension Trust v Mastercraft Indus., supra).

Material questions of fact preclude the award of summary judgment for Inpar. For example, Inpar moved for summary judgment alleging that it had earned the payment. However, the check itself recites that it is an "advance". Thus, there is an issue of fact in regard to whether Inpar performed services which entitled it to payment.

Furthermore, given that there are common questions of law and fact in the instant action and Veoukas's breach of contract action, the matters are consolidated (see, CPLR 602 [a]). Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.