■ ALLAN GITTLESON, Appellant, v GEORGE G. DEMPSTER, Respondent.—In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated December 16, 1987, which denied his motion for summary judgment in lieu of complaint and directed him to serve a formal complaint.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment in lieu of complaint is

granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

As stated by the Court of Appeals in *Interman Indus. Prods. v R. S. M. Electron Power* (37 NY2d 151, 155): "The most cogent analysis of the standard to be applied in ascertaining whether an instrument qualifies for CPLR 3213 treatment was enunciated in *Seaman-Andwall Corp. v Wright Mach. Corp.* (31 AD2d 136, affd 29 NY2d 617 * * *) wherein it was stated that if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms, the moving party would be entitled to summary judgment unless the other party came forward with evidentiary proof sufficient to raise an issue as to the defenses to the instrument". Under these guidelines, the plaintiff herein was entitled to judgment in his favor.

The document dated September 27, 1984 being sued upon is a clear, unambiguous and unconditional promise to pay specified sums on specified dates. The references to prior agreements in the "Whereas" clause do not alter or qualify the defendant's obligation to pay *(see, Schwartz v Turner Holdings,* 139 AD2d 458; *St. John Assocs. Engrs. v Chase Architectural Assocs.,* 106 AD2d 743), nor do they incorporate those prior agreements into the note *(cf., Tonkonogy v Seidenberg,* 63 AD2d 587). To determine the amount payable on the note it is unnecessary to look beyond the note itself *(cf., Tradition N. Am. v Sweeney,* 133 AD2d 53). Clearly, the document dated September 27, 1984 was an instrument for the payment of money only within the meaning of CPLR 3213.

The plaintiff made a prima facie showing of his entitlement to a judgment in his favor by proof of existence of the note and proof of nonpayment according to its terms. It was then incumbent upon the defendant to demonstrate, by admissible evidence, the existence of a genuine triable issue of fact. The defendant failed to do this.

The note herein sets forth an unconditional obligation by the defendant to pay, and the defendant's conclusory assertion that it was never intended for the note to be paid and was merely a scheme to deceive the plaintiff's creditors is insufficient to defeat that obligation *(see, Conolog Corp. v P. R. Elecs. Export,* 140 AD2d 190; *see also, Faustini v Darth Provisions Co.,* 131 AD2d 809). Nor was there a failure of consideration insofar as the defendant had received the stock for which he had to pay nearly 10 years prior to the signing of the note. Indeed, the note was merely in furtherance of the

prior stock transfer agreement between the parties which the defendant has not challenged. Brown, J. P., Eiber, Kooper and Balletta, JJ., concur.