■ CLINTON CAPITAL CORPORATION, Respondent, v SAFETY

HARBOR SPA ASSOCIATES LIMITED PARTNERSHIP, Appellant.—
Order and judgment of the Supreme Court, New York County
(Irma Vidal Santaella, J.), entered on or about November 7
and December 26, 1989, respectively, granting summary judg-
ment to the plaintiff on a promissory note, unanimously
affirmed, with costs.

In November 1986, defendant Safety Harbor Spa Associates
borrowed $300,000 from plaintiff Clinton Capital Corporation
and executed a promissory note payable in 60 monthly install-
ments of $7,136.98. Beginning in September 1987, defendant
failed to make payments when due, resulting in acceleration
of the note and the underlying suit.

Plaintiff moved for summary judgment. Defendant re-
sponded that it entered into the $300,000 loan transaction in
reliance upon plaintiff's oral representation that it would
make a $1.5 million loan to defendant secured by defendant's
mortgage receivables. In January 1987, approximately seven
weeks after closing the $300,000 loan, plaintiff sent defendant
a commitment letter offering a $1.5 million loan requiring a
personal guarantee and a $230,000 certification of deposit in
addition to the mortgage receivables, Defendant urged that
the change in terms of the $1.5 million loan offer constituted
fraud and breach of contract sufficient to warrant denial of
summary judgment to plaintiff. Plaintiff denied that there was
any connection between the two loans.

In *Chimart Assocs. v Paul* (66 NY2d 570, 571), the court
stated: "Where a written agreement between sophisticated,
counseled businessmen is unambiguous on its face, one party
cannot defeat summary judgment by a conclusory assertion
that, owing to mutual mistake or fraud, the writing did not
express his own understanding of the oral agreement reached
during negotiations". It is undisputed that Donald Schupak,
defendant's general partner, who negotiated the $300,000 loan
on behalf of defendant, is a sophisticated investor, the presi-
dent of Horn & Hardart (a Fortune 500 company), and a
lawyer. The monetary amounts at stake here are considerable,
and the unambiguous promissory note makes no mention of
another loan as a condition precedent to enforcement of the
note. Defendant has not submitted unequivocal evidence of
fraud to overcome the " 'heavy presumption that a deliber-
ately prepared and executed written instrument manifest[s]
the true intention of the parties' ". *(Supra,* at 574, quoting
*Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 219; *see
also, Conolog Corp. v P. R. Elecs. Export,* 140 AD2d 190;
*Gittleson v Dempster,* 148 AD2d 578.) The order and judgment

in favor of plaintiff are, accordingly, affirmed. Concur—Murphy, P. J., Rosenberger, Asch, Smith and Rubin, JJ.