■ CLIFFORD H. SLAVIN, Appellant, v STEVEN A. VICTOR, Respondent.—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered July 16, 1990, denying plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, with costs.

We agree with the IAS court that defendant has alleged, with sufficient particularity, a pattern of misrepresentation that spells out fraud in the inducement. Promissory notes given in exchange for purchase of a business cannot be viewed in a vacuum where genuine issues of fact exist as to whether the transaction was induced by misrepresentation *(Epstein v Scally,* 99 AD2d 713), even where the obligation is termed "unconditional" *(see, Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57). In alleging the materiality and centrality of the alleged fraud to the underlying transaction, defendant has appropriately offered the affidavit of the president of the two companies, who discovered the financial misdeeds and can speak from first-hand knowledge as to the nature of the misrepresentations *(Magi Communications v Jac-Lu Assocs.,* 65 AD2d 727, 729).

Partial summary judgment is also inappropriate at this point because it is still unclear what the extent of the alleged corporate diversion was, and whether those misdeeds so eroded the companies financially as to affect their desirability for purchase in the underlying transaction. Concur—Kupferman, J. P., Carro, Asch and Smith, JJ.