■ JOSE IGLESIAS, Respondent, v REINA RODRIGUEZ et al., Appellants.—In an action to recover on promissory notes, the defendants appeal from a order and judgment (one paper) of the Supreme Court, Kings County (Huttner, J.), dated August 21, 1989, which grants the plaintiff's motion for summary judgment in lieu of a complaint pursuant to CPLR 3213, and is in favor of the plaintiff and against them in the principal sum of $33,000.

Ordered that the order and judgment is modified, on the law, by adding to the decretal paragraph thereof, after the word "Defendant", the name "Reina Rodriguez"; as so modified, the order and judgment is affirmed, with costs to the respondent, and the action against the defendant R&J Grocery is severed.

On September 18, 1985, the defendant Reina Rodriguez executed a statutory short form power of attorney in favor of her sister Rosario Rodriguez. The record reveals that Reina Rodriguez did not in any way limit her sister's agency by striking any of the enumerated transactions set forth in the standard form (see, General Obligations Law § 5-1501; Zaubler v Picone, 100 AD2d 620; cf., Ambrose Mar-Elia Co. v Dinstein, 151 AD2d 416).

The record further demonstrates that between October 1, 1985, and January 29, 1988, Rosario Rodriguez borrowed a total of $34,000 in her capacity as her sister's agent, in order to obtain funds to pay for the day-to-day operations of the defendant R&J Grocery, which is a business wholly owned by the defendant Reina Rodriguez. The notes were signed, "Reina

Rodriguez, by Rosario Rodriguez, attorney in fact". Although on October 15, 1987, the plaintiff received a $1,000 payment on the debt owed to him by Reina Rodriguez, no further payments were made.

Thereafter, the plaintiff commenced the instant action, seeking summary judgment in lieu of complaint on the aforesaid notes. The Supreme Court granted summary judgment in the plaintiff's favor and the defendants now appeal.

A review of the notes produced by the plaintiff establishes that they are fully executed by the defendant Reina Rodriguez's attorney in fact, and are unconditional in mandating payments according to their terms. Since the plaintiff established his prima facie entitlement to judgment as a matter of law against Reina Rodriguez by proof of the notes and her failure to pay, it was incumbent upon her to lay bare whatever evidence she may have possessed in order to show the existence of a triable issue with regard to a bona fide defense *(see, e.g., Conolog Corp. v P.R. Elecs. Export,* 140 AD2d 190, 191; *see also, Gittleson v Dempster,* 148 AD2d 578, 579; *Cohen v City of New York,* 128 AD2d 748, 749; *Gateway State Bank v Shangra-La Private Club for Women,* 113 AD2d 791, *affd* 67 NY2d 627). The defendant Reina Rodriguez has failed to discharge this burden.

In opposing the motion, the defendant Reina Rodriguez conclusorily contended, *inter alia,* that her sister and the plaintiff were romantically involved and conspired together to cheat her, that the promissory notes were fraudulent, and that she had limited, and then revoked, her sister's power of attorney. The foregoing unsupported allegations, when considered in light of the unconditional promissory notes and the unlimited scope of the power of attorney given to Rosario Rodriguez, are insufficient to create triable questions of fact with respect to the existence of a bona fide defense *(see, Gittleson v Dempster, supra).*

However, there is an insufficient basis in the record to award judgment against the defendant R&J Grocery. Indeed, we cannot ascertain whether that defendant is a separate jural entity. Therefore, the order and judgment has been modified accordingly. Bracken, J. P., Kooper, Miller and Ritter, JJ., concur.