■ ROBERT MLCOCH, Respondent, v BARRY SMITH et al., Appellants.—In an action to recover on promissory notes, the

defendants appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated November 22, 1989, which, *inter alia,* granted the plaintiff's motion for summary judgment in lieu of complaint.

Ordered that the order is affirmed, with costs.

Contrary to the defendants' contentions, the Supreme Court properly concluded that the plaintiff was entitled to summary judgment in lieu of complaint *(see,* CPLR 3213; *Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151). The plaintiff established his prima facie entitlement to judgment as a matter of law by producing the promissory notes executed by the defendants and by establishing the defendants' default thereon *(see, Gittleson v Dempster,* 148 AD2d 578, 579). It was then "incumbent upon the defendants to demonstrate, by admissible evidence, the existence of a genuine triable issue of fact" *(see, Gittleson v Dempster, supra,* at 579; *Crumbliss v Swerdlow,* 158 AD2d 502, 503). Significantly, the general rule is that the breach of a related contract cannot defeat a motion for summary judgment on an instrument for money only unless it can be shown that the contract and the instrument are "intertwined" and that the defenses alleged to exist create material issues of triable fact *(see, e.g., Inpar Bldg. Corp. v Veoukas,* 143 AD2d 810, 811; *Regal Limousine v Allison Limousine,* 136 AD2d 534). The defendants have failed to meet this burden.

After making payment on 28 of the 60 promissory notes in question over a period of almost 2½ years, the defendants opposed the plaintiff's motion by advancing, for the first time, a series of vague contentions that the plaintiff had allegedly breached the underlying contract for which the notes were given. It has been held, however, that " ' "a shadowy semblance of an issue or bald conclusory assertions, even if believable, are not enough" to defeat a motion for summary judgment' " *(Morowitz v Naughton,* 150 AD2d 536, 537; *see also, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 342; *American Sav. Bank v Imperato,* 159 AD2d 444; *Assing v United Rubber Supply Co.,* 126 AD2d 590; *Kaye v Keret,* 89 AD2d 885, 886). Under the circumstances, the defendants' conclusory and belated allegations of wrongdoing are insufficient to establish the existence of genuine, triable issues of fact.

Finally, while the plaintiff provided notice of the defendants' default by regular, rather than certified, mail as contemplated by the contract, the defendants responded in writ-

ing by repudiating any obligation to make further payments on the remaining notes, thereby rendering the technical notice issue of which they now complain academic. Kooper, J. P., Sullivan, Lawrence and Ritter, JJ., concur.