■ NORTHSIDE SAVINGS BANK, Successor by Merger to RICHMOND HILL SAVINGS BANK, Respondent, v ABRAHAM SOKOL, Also Known as DR. ABRAHAM SOKOL, et al., Appellants.—In an action to recover the balance due under an equipment lease, the defendants appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered May 8, 1990, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

Contrary to the defendants' contention, we find that the Supreme Court properly awarded summary judgment to the plaintiff bank. It is settled law that where the moving party has established its entitlement to summary judgment, the party opposing the motion must either lay bare its proof and demonstrate the existence of a factual issue requiring a trial of the action, or tender an acceptable excuse for the failure to do so *(see, Sikes v Chevron Cos.,* 173 AD2d 810; *La Capria v Bonazza,* 153 AD2d 551). Here, the plaintiff established its entitlement to summary judgment by submitting proof that the defendants had executed an equipment lease and a related loan agreement which required them to pay the plaintiff's assignor the sum of $87,000, and that the defendants subsequently defaulted on these agreements *(see, Mlcoch v Smith,* 173 AD2d 443; *Gittleson v Dempster,* 148 AD2d 578). Although the defendants opposed the motion by claiming that they had never received the leased equipment, the defendants' unsupported allegations were contradicted by evidence that they signed a receipt acknowledging delivery of the subject equipment "fully installed and in good working order", and that they made 11 payments under the lease for the subject equipment. Under these circumstances, we conclude that the defendants have failed to raise a genuine issue of fact as to whether the equipment was delivered, and that the plaintiff is accordingly entitled to judgment as a matter of law. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.