■ LABERGE ENGINEERING & CONSULTING GROUP, LTD., Appellant, v ALAN G. MAYER et al., Respondents.—Mikoll, J. P. Appeal from an order of the Supreme Court (Hughes, J.), entered September 3, 1991 in Albany County, which denied plaintiff's motion for partial summary judgment.

The primary question presented on this appeal is whether Supreme Court properly denied plaintiff's motion for partial summary judgment on the ground there are questions of fact as to defendants' claim of economic duress to be resolved at trial. In our view Supreme Court correctly denied plaintiff's motion. Further, although Supreme Court discussed only the affirmative defense of economic duress in its decision, its order denied plaintiff's motion seeking dismissal of all 12 of defendants' affirmative defenses. As plaintiff addresses only defendants' economic duress defense in its brief, its right to attack Supreme Court's refusal to dismiss the 11 other affirmative defenses on this appeal is deemed abandoned (see, First Natl. Bank v Mountain Food Enters., 159 AD2d 900, 901; Agee v Ajar, 154 AD2d 569, 571-572, appeal dismissed 75 NY2d 916; Lamphear v State of New York, 91 AD2d 791). The order of Supreme Court should be affirmed.

Plaintiff is a New York corporation that provides consulting engineer services on a contract basis to municipal subdivisions and private parties throughout upstate New York. Defendants are the developers of the Grand Vista Project (hereinafter the project) located in the Town of Marcy, Oneida County. The project area consists of approximately 276 acres to be developed as a mixed residential, commercial and industrial area over a period of 10 years at a cost of approximately $250 million. To accommodate the project, the zoning of the area must be changed from agricultural to a planned development district.

The State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) requires, inter alia, the filing of an environmental impact statement (hereinafter EIS). The Town designated itself as the lead agency and hired plaintiff to do the necessary engineering work in the preparation of the EIS. The Town required that defendants pay for such engineering service which plaintiff initially estimated to be approximately $95,000. Defendants agreed with the Town to pay "the actual cost of required services as billed by [plaintiff]". The Town was

to collect this money in advance from defendants and then pay it over to plaintiff when billed. Costs of engineering services escalated, disputes arose over the high bills submitted, defendants fell behind in payments and owed approximately $194,141.37 as of February 20, 1990.

After a meeting between defendant Alan G. Mayer and plaintiff's principal, Ronald Laberge, held on February 20, 1990, Mayer signed a letter agreement which acknowledged bills in the sum of $194,141.37, agreed to make a payment of $44,000 on that date and to pay the remaining bills within 30 days after completion of the EIS and approval of the zoning change. Plaintiff agreed to perform the engineering services necessary to obtain final acceptance of the EIS with due diligence and reasonable promptness.

Although the EIS was approved and the zoning change made by the Town as of August 6, 1990, defendants refused to pay a number of the engineering bills. Plaintiff commenced this action to secure payment. Defendants answered with a general denial and 12 affirmative defenses, the seventh of which asserted that the letter agreement was signed under economic duress. Supreme Court denied plaintiff's motion for partial summary judgment on the first cause of action, finding that a triable question of fact existed as to defendants' claim of economic duress.

We reject plaintiff's argument that defendants cannot show a wrongful threat on plaintiff's part necessary to an economic duress defense (see, 805 Third Ave. Co. v M. W. Realty Assocs., 58 NY2d 447, 451) because plaintiff was entitled to cease furnishing engineering services when defendants failed to make payments that were due (see, Paterno & Sons v Town of New Windsor, 43 AD2d 863). The law is settled that a party may void a contract if the party establishes that its assent to the contract was given because of a wrongful threat which precluded the exercise of its free will (see, 805 Third Ave. Co. v M. W. Realty Assocs., supra, at 451). In the instant case, the parties' proof presented conflicting versions of the facts regarding the purpose for the meeting between Mayer and Laberge at which the letter agreement was reached and what was said there. Significantly, the initial contract for plaintiff's engineering services was between plaintiff and the Town, not plaintiff and defendants. There appears to be sufficient evidence to permit a fact finder to arrive at the conclusion that plaintiff used its relationship with the Town to unduly pressure defendants into agreeing to pay excessive engineering bills rather than face the probable loss of defendants' invest-

ment of over $300,000 already expended on the project as of February 20, 1990. Thus, the motion was properly denied *(see, Andre v Pomeroy,* 35 NY2d 361, 363).

Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.