■ JOHN ROBERTS, Respondent, v DOMINIC RUBIO et al., Appellants, et al., Defendants.—In an action, *inter alia,* for the dissolution of a partnership and an accounting, the appeal is from an order of the Supreme Court, Richmond County (Cusick, J.), dated October 26, 1990, which denied their motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In 1956, the plaintiff and the defendant Dominic Rubio entered into a partnership and conducted their business under the name Heberton Construction Co. Thereafter, in 1960, the parties filed with the Clerk of Richmond County a "Certificate of Discontinuance of Business as Partners". In the instant action, the plaintiff contends that despite the filing of this certificate, the parties agreed and intended that their partnership relation would endure. Indeed, although he claims that the partnership adopted a corporate form, he further contends that the partnership enterprise continued uninterrupted from 1956 until the commencement of this action. We disagree.

It is axiomatic that where the moving party has established its entitlement to summary judgment, the opposition party must either lay bare its proof and demonstrate the existence of a factual issue requiring a trial of the action, or tender an acceptable excuse for the failure to do so (see, *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Northside Sav. Bank v Sokol,* 183 AD2d 816). At bar, Rubio demonstrated his entitlement to summary judgment by submitting the 1960 "Certificate of Discontinuance of Business as Partners" which, if uncontradicted, conclusively established that the parties' partnership relation ended in 1960. The plaintiff opposed the motion by alleging that the parties did not intend the 1960 certificate to dissolve their partnership and, further, that their partnership thereafter continued uninterrupted. In support of his position, the plaintiff averred that after filing the certificate, there was neither an accounting nor a distribution of partnership assets. Eventually, in 1964, the plaintiff further averred, the parties agreed that they would adopt a corporate

form and thereby continue the partnership business. As a matter of law, the parties ceased to be partners in 1964 *(see, Judelson v Weintraub,* 55 AD2d 906, 907). In addition, the plaintiff has failed to present evidence sufficient to raise a triable issue as to the existence of a post-1964 de facto partnership relation with Rubio *(see, Brodsky v Stadlen,* 138 AD2d 662, 663). Accordingly, the plaintiff's action is time-barred *(see,* CPLR 213; *see also,* 16 NY Jur 2d, Business Relationships, § 1500 [1992 Cum Supp]). Furthermore, the plaintiff has failed to establish a condition precedent to the maintenance of this action, to wit, that he is partners with Rubio *(see, Arrants v Dell Angelo,* 73 AD2d 633; *see generally,* 16 NY Jur 2d, Business Relationships, § 1495). Mangano, P. J., Rosenblatt, Ritter and Santucci, JJ., concur.