■ ZALMAN SILBER, Respondent-Appellant, v WILLIAM MUS-CHEL, Appellant-Respondent.—In an action to recover on a promissory note, the defendant appeals from (1) an order of the Supreme Court, Kings County (G. Aronin, J.), entered May 12, 1992, which granted the plaintiff's motion for summary judgment in lieu of complaint against him in the principal amount of $316,304, and (2) a judgment of the same court, entered May 12, 1992, thereon, and the plaintiff cross-appeals from so much of the same judgment as failed to award prejudgment interest on the principal amount of the note.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order entered May 12, 1992, is vacated, the plaintiff's motion for summary judgment in lieu of complaint is denied, and the moving papers and the answering papers are deemed the complaint and answer; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

In support of his motion for summary judgment in lieu of complaint (see, CPLR 3213), the plaintiff established a prima facie entitlement to judgment as a matter of law by producing the promissory note executed by the parties and demonstrating that the defendant had defaulted in payment thereon (see,

*Mlcoch v Smith,* 173 AD2d 443, 444; *Gittleson v Dempster,* 148 AD2d 578, 579). Accordingly, to preclude the plaintiff from enforcing the terms of the note, it became incumbent upon the defendant to establish, by admissible evidence, that a triable issue of fact existed *(see, Faustini v Darth Provisions Co.,* 131 AD2d 809, 810). In the instant matter, the defendant noted that the promissory note was for one year's premium on a life insurance policy and alleged that he was fraudulently induced into executing that insurance contract *(see,* UCC 3-306 [b]). Since the plaintiff does not contend that he held the note in due course, the defense of fraudulent inducement may be asserted against him *(see,* UCC 3-306 [b]; *Pan Atl. Group v Isacsen,* 114 AD2d 1022).

We find the defendant has alleged, with sufficient particularity, the perpetration of an affirmative misrepresentation which, if true, would constitute fraud in the inducement *(see, Slavin v Victor,* 168 AD2d 399; *Pan Atl. Group v Isacsen, supra).* Specifically, the defendant asserts that the plaintiff misrepresented the number of years in which premium payments would be required under the insurance contract and, consequently, underrepresented by more than $2,000,000 the total amount of required premium payments. The defendant submitted a fact-specific affidavit which evinced his first-hand knowledge of the misrepresentations made by the plaintiff in the course of the parties' negotiations *(see, Slavin v Victor, supra; Magi Communications v Jac-Lu Assocs.,* 65 AD2d 727, 729). Moreover, the defendant has submitted a handwritten memorandum, bearing the plaintiff's signature, which apparently memorializes the plaintiff's misrepresentation. The Supreme Court erred in determining that the defendant's allegations of fraud and misrepresentation were conclusory and without evidentiary support in the record *(cf., Spielman v Acme Natl. Sales Co.,* 159 AD2d 918; *Crossland Sav. v Manas,* 153 AD2d 922; *Gittleson v Dempster,* 148 AD2d 578, *supra).*

Since the judgment in the plaintiff's favor must be reversed, we need not reach the issue of whether prejudgment issue should have been awarded, and make no findings with respect to the merits of the plaintiff's cross appeal. Mangano, P. J., Bracken, Sullivan and O'Brien, JJ., concur.