■ MILDRED GREGORIO, Respondent, v PETER M. GREGORIO, JR., Appellant. [651 NYS2d 599] —In an action to recover upon a mortgage note, brought by motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, the defendant appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered November 30, 1995, which granted the plaintiff's motion.

Ordered that the order is affirmed, with costs.

By motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff commenced this action against the defendant to recover upon a mortgage note executed by the defendant on January 6, 1989. In opposition to the plaintiff's motion, the defendant argued, among other things, that the note was not "an instrument for the payment of money only", and that triable issues of fact existed precluding the grant of summary judgment. Additionally, the defendant asserted various counterclaims.

The Supreme Court granted the plaintiff's motion for summary judgment in lieu of complaint. We affirm.

We agree with the Supreme Court that the note was an

instrument for the payment of money only within the contemplation of CPLR 3213. The note itself contained an unconditional promise by the defendant to pay the plaintiff a sum certain over a stated period of time, namely, $275,000 together with 8% interest over a period of 179 months. Moreover, by the express terms of the note, the plaintiff was authorized to "declare the full amount of the Note due immediately [upon the defendant's] failure to pay, when due, any amount payable on any of * * * [his] obligations under * * * this Note". Thus, the extent of the defendant's obligation could be gleaned from the face of the note alone. Coupled with proof of the defendant's default in payment, the plaintiff's moving papers sufficiently established her prima facie entitlement to summary judgment (see, Weissman v Sinorm Deli, 88 NY2d 437, 443-444; Interman Indus. Prods. v R.S.M. Electron Power, 37 NY2d 151, 155; Gateway State Bank v Shangri-La Private Club for Women, 113 AD2d 791, 792; Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136, 137, affd 29 NY2d 617).

Inasmuch as the defendant failed to come forward with evidence sufficient to establish the existence of a triable issue of fact with respect to a bona fide defense, the Supreme Court properly granted the plaintiff's motion for summary judgment in lieu of complaint (see, Gateway State Bank v Shangri-La Private Club for Women, supra, at 792).

The defendant's remaining contentions are without merit. Bracken, J. P., Thompson, Pizzuto and Luciano, JJ., concur.