■ JOHN COSTELLO, Respondent, v ISAAC SAIDMEHR, Appellant. [654 NYS2d 609] —In an action to recover damages pursuant to a promissory note, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Stark, J.), entered January 23, 1996, which, *inter alia,* granted the plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR

3213, and (2) a judgment of the same court, entered February 5, 1996, which is in favor of the plaintiff and against him in the principal sum of $8,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

Once the plaintiff established his prima facie entitlement to judgment as a matter of law by producing the promissory note executed by the defendant and by demonstrating that the defendant had defaulted thereon, it became incumbent upon the defendant to establish by admissible evidence that a triable issue of fact existed *(see, Silber v Muschel,* 190 AD2d 727; *see also, Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151, 155; *Gross v Fruchter,* 230 AD2d 210). " ' " '[A] shadowy semblance of an issue or bald conclusory assertions, even if believable, are not enough' to defeat a motion for summary judgment" ' " *(Mlcoch v Smith,* 173 AD2d 443, 444). Since the defendant failed to come forth with proof in evidentiary form tending to establish his defense of economic duress, the Supreme Court properly granted the plaintiff's motion for summary judgment in lieu of complaint *(see, Gelb v Bucknell Press,* 69 AD2d 829; *cf., Laberge Eng'g & Consulting Group v Mayer,* 184 AD2d 950). O'Brien, J. P., Joy, Friedmann and Florio, JJ., concur.