(December 8, 1997)

■ ALLSTATE FINANCIAL CORPORATION, Appellant, v ACCESS BAG N PACK, INC., Respondent. [666 NYS2d 28] —In an action to recover on two "Acknowledgement[s] of Payment Due" by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from (1) so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered February 6, 1997, as denied its motion, and (2) an order of the same court, dated March 6, 1997, which *sua sponte* amended the order entered February 6, 1997, by dismissing the action.

Ordered that, on the Court's own motion, the notice of appeal purporting to appeal from the order dated March 6, 1997, is treated as an application for leave to appeal from that order, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the appeal from the order entered February 6, 1997, is dismissed, as that order was superseded by the order dated March 6, 1997, dismissing the complaint; and it is further,

Ordered that the order dated March 6, 1997, is reversed, on the law, the order entered February 6, 1997, is vacated, the plaintiff's motion for summary judgment in lieu of complaint is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff met its evidentiary burden of showing its entitlement to judgment as a matter of law by proving the existence of two documents entitled "Acknowledgement of Payments Due", dated May 16, 1996, and May 21, 1996, respectively (hereinafter the Acknowledgements), and the defendant's default in its payment obligations thereunder (*see, Bennell Hanover Assocs. v Neilson,* 215 AD2d 710; *Dvoskin v Prinz,* 205 AD2d 661; *Mlcoch v Smith,* 173 AD2d 443). Once the plaintiff has met its burden, it is incumbent upon the defendant to establish, by admissible evidence, that a triable issue of fact exists (*Silber v Muschel,* 190 AD2d 727, 728).

Contrary to the defendant's argument, the Accounts Receivable Factoring and Security Agreement between the plaintiff and Acme Brief Case Co., Inc., was not "intertwined" with the Acknowledgements executed by the defendant in favor of the plaintiff (*see, Cohen v Marvlee, Inc.,* 208 AD2d 792; *East N. Y. Sav. Bank v Baccaray,* 214 AD2d 601, 602). In any event, the defendant expressly waived "defense[s] of any kind or nature" with respect to its obligations under the Acknowledgements (*see, SCP [Bermuda] v Bermudatel Ltd.,* 224 AD2d 214).

Accordingly, the plaintiff's motion for summary judgment in lieu of complaint must be granted. Miller, J. P., Sullivan, Santucci and Lerner, JJ., concur.