■ Mary V. Neuhaus, Respondent, v Mark J. McGovern et al., Appellants. [741 NYS2d 436] —In an action to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants ap-

peal from so much of an order of the Supreme Court, Orange County (Owen, J.), dated July 25, 2001, as granted the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3213 allows a plaintiff to commence an action "based upon an instrument for the payment of money only" by serving a summons and notice of motion for summary judgment and supporting papers in lieu of a complaint. "[A] document comes within CPLR 3213 'if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms' " (*Weissman v Sinorm Deli,* 88 NY2d 437, 444, quoting *Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151, 155; *see Diversified Invs. Corp. v DiversiFax, Inc.,* 239 AD2d 231, 233). In the instant case, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law by proving the existence of the subject note and nonpayment according to its terms (*see James DeLuca, M.D., P.C. v North Shore Med. Imaging,* 287 AD2d 488; *J.L.B. Equities v Mind Over Money,* 261 AD2d 510; *Gregorio v Gregorio,* 234 AD2d 512, 513). Once the plaintiff met this burden, it was incumbent upon the defendants "to establish, by admissible evidence, that a triable issue of fact exists" (*Allstate Fin. Corp. v Access Bag N Pack,* 245 AD2d 325, 326). The defendants' claim that summary judgment should be denied because the subject note is "inextricably intertwined" (*Vecchio v Colangelo,* 274 AD2d 469, 471; *Cohen v Marvlee, Inc.,* 208 AD2d 792; *see Ingalsbe v Mueller,* 257 AD2d 894, 895) with a separate lease which the plaintiff allegedly breached is without merit since the lease did not require "any additional performance by the [plaintiff] as a condition precedent to its repayment or otherwise alter * * * the defendants' repayment obligation" (*East N.Y. Sav. Bank v Baccaray,* 214 AD2d 601, 602).

The defendants' remaining contentions are not preserved for appellate review and, in any event, are without merit. Santucci, J.P., Friedmann, H. Miller and Schmidt, JJ., concur.