■ CHRISTINE CARDELLA et al., Appellants, v FRED GIANCOLA et al., Respondents. [747 NYS2d 31]

A note required the defendants to pay the plaintiffs the principal sum of $155,000 in full by May 31, 1994. The plaintiffs made a prima facie showing of entitlement to judgment as a matter of law by proving the existence of the subject note and nonpayment according to its terms (*see Gregorio v Gregorio,* 234 AD2d 512). The burden was therefore on the defendants to establish the existence of a triable issue of fact (*see Neuhaus v McGovern,* 293 AD2d 727, 728; *Gregorio v Gregorio, supra*).

Contrary to the defendants' contention, they failed to establish that they made a valid tender in August 1994 of the full amount due plus interest to the time of the tender (*see National Sav. Bank v Hartmann,* 179 AD2d 76). Furthermore, to stop the running of interest, a tender of payment must be unconditional (*see Matter of Jeffrey Towers v Strauss,* 31 AD2d 319, 325, *affd* 26 NY2d 812). Although the defendants did not dispute that they owed $147,000 of the principal amount, they sought to impose a condition that the plaintiffs place the remaining $8,000 of the principal in escrow pending resolution of a dispute over real estate transfer taxes. As the defendants did not unconditionally tender the full amount due on the note, the Supreme Court erred in concluding that the plaintiffs were not entitled to interest on $147,000 of the principal.

Furthermore, the Supreme Court erred in its determination that the defendants' claim for real estate transfer taxes presented a valid setoff to the amount due on the mortgage note. The note did not require such payment by the plaintiffs as a condition precedent to the defendants' repayment obligation, and the counterclaim is not inextricably intertwined with, or inseparable from, the defendants' obligation on the note (*see Neuhaus v McGovern, supra; Banco do Estado de Sao Paulo S.A. v Mendes Jr. Intl. Co.,* 249 AD2d 137). Accordingly, summary judgment should have been granted to the plaintiffs and

the counterclaim severed. O'Brien, J.P., H. Miller, Schmidt and Cozier, JJ., concur.