In an action to recover on a promissory note, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated August 7, 2007, as granted those branches of the plaintiff’s motion which were for summary judgment on the complaint and dismissing the counterclaims, and (2) from a judgment of the same court entered October 12, 2007, which, upon the order, is in favor of the plaintiff and against him, in the principal sum of $40,000.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is reversed, on the law, those branches of the plaintiffs motion which were for summary judgment on the complaint and dismissing the counterclaims are denied, upon searching the record, the defendant is awarded partial summary judgment dismissing so much of the complaint as seeks damages for nonpayment of installment payments due from September 1, 1996 until July 1, 1997, of the promissory note, which was due on August 1, 1997, so much of the complaint as seeks damages for nonpayment of installment payments due from September 1, 1996, until July 1, 1997, is dismissed, the remaining claim is severed, and the order is modified accordingly; and it is further,
Ordered that one bill of costs is awarded to the appellant.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the or *458 der are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
In July 1996 the defendant executed a promissory note in the sum of $70,000 in favor of the plaintiff. The note was given to the plaintiff as partial payment for the purchase of his health food restaurant business in Bay Shore. The terms of the note provided, inter alia, that it was to be repaid in 12 equal monthly installments of $6,089.20. The first payment was due on September 1, 1996 and the last was due on August 1, 1997. The defendant made payments on the note totaling $30,000 and then ceased any further payment.
On July 28, 2003 the plaintiff commenced this action and then moved, inter alia, for summary judgment on the complaint and dismissing the counterclaims. The defendant opposed the motion, arguing that the action was time-barred and that, in any event, the plaintiff was not entitled to summary judgment since there were issues of fact regarding fraud in the inducement of the underlying transaction. The Supreme Court awarded summary judgment to the plaintiff and thereafter entered judgment in his favor in the principal sum of $40,000, the unpaid balance of the note, plus interest. We reverse the judgment.
The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by demonstrating the existence of the note executed by the defendant, the unconditional terms of repayment, and the defendant’s default thereunder (see Bank of N.Y.v Vega Tech. USA, LLC, 18 AD3d 678 [2005]; East N.Y. Sav. Bank v Baccaray, 214 AD2d 601 [1995]; see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). The burden then shifted to the defendant to come forward with sufficient evidence to raise a triable issue of fact (see Lacoparra v Bellino, 296 AD2d 480 [2002]). The defendant met this burden.
The statute of limitations for an action to recover on a promissory note is six years (see CPLR 213 [2]). With respect to a note payable on demand, the cause of action to recover on such a note accrues at the time of its execution (see Lynford v Williams, 34 AD3d 761, 762 [2006]). However, with respect to a note payable in installments, such as the one at bar, there are separate causes of action for each installment accrued, and the statute of limitations begins to run on the date each installment becomes due and is defaulted upon, unless the debt is accelerated (see Phoenix Acquisition Corp. v Campcore, Inc., 81 NY2d 138, 141 [1993]; Fulgenzi v Rink, 253 AD2d 846 [1998]; Pagano v Smith, 201 AD2d 632, 633 [1994]). There is no indication that the plaintiff ever accelerated the debt under the terms of the note.
*459 The note states that “[t]he first payment shall be due and payable on Sept 1, 1996 and on the 1st day of each month thereafter with the balance due on the 1st day of Aug 1997.” Therefore, for purposes of the statute of limitations, a cause of action for the default in the payment of any one installment due under the note accrued on the first day of each month of the 12 months at issue, commencing on September 1,1996 and expired, respectively, six years thereafter. It is undisputed that the plaintiff commenced this action on July 28, 2003 the date when the summons and complaint was filed with the County Clerk (see CPLR 304). Accordingly, any cause of action which accrued under the note more than six years prior to July 28, 2003 is time-barred. This would include every payment due from September 1, 1996 until July 1, 1997, leaving only a timely cause of action to recover the last installment payment called for in the note, which was due on August 1, 1997. Consequently, except for a cause of action to recover the last payment due under the note, the plaintiffs action is otherwise time-barred.
Furthermore, the plaintiff was not entitled to summary judgment with respect to the last installment since the defendant raised an issue of fact as to whether the plaintiffs alleged misrepresentations regarding the business constituted fraud in the inducement. As stated by the Court in the case of Slavin v Victor (168 AD2d 399 [1990]): ‘‘[promissory notes given in exchange for purchase of a business cannot be viewed in a vacuum where genuine issues of fact exist as to whether the transaction was induced by misrepresentation, even where the obligation is termed unconditional” (id. at 399 [internal quotation marks and citations omitted]; see Millerton Agway Coop,. v Briarcliff Farms, 17 NY2d 57 [1966]; Silber v Muschel, 190 AD2d 727 [1993]).
Finally, although the defendant did not cross-move for summary judgment herein, “CPLR 3212 (b) permits the court to search the record where there is a pending motion for summary judgment, and then award judgment where it is warranted in favor of a nonmoving party as to a cause of action that has been placed in issue by the papers” (Santagata v Vinegar Hill Group, LLC, 41 AD3d 576, 576 [2007], quoting Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430 [1996]). Accordingly, the defendant is entitled to partial summary judgment dismissing so much of the complaint as seeks damages for nonpayment of installment payments of the promissory note, due from September 1, 1996 until July 1, 1997. Spolzino, J.P, Ritter, Santucci and Garni, JJ., concur.