■ Kam Chan et al., Respondents, v Vincent Tomasino, Sr., Appellant. [874 NYS2d 214]—In an action to recover the accelerated amounts allegedly due on two promissory notes, the defendant appeals from (1) an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated January 7, 2008, which granted the plaintiffs' motion for reargument of their motion for summary judgment in lieu of complaint, which previously had been denied in an order dated June 28, 2007, and upon reargument, granted the motion for summary judgment in lieu of complaint, and (2) a judgment of the same court entered Febru-

ary 13, 2008, which, upon the order dated January 7, 2008, is in favor of the plaintiffs and against him in the principal sum of $1,427,629.86.

Ordered that the appeal from the order dated January 7, 2008 is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, upon reargument, the determination in the order dated June 28, 2007 denying the motion for summary judgment in lieu of complaint is adhered to; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Although reargument was properly granted, upon reargument, the Supreme Court should have adhered to its original determination denying the motion for summary judgment in lieu of complaint. In opposition to the plaintiffs' prima facie showing of entitlement to judgment as a matter of law, the defendant raised triable issues of fact as to whether he was fraudulently induced to sign the subject promissory notes (*see Sce v Ach*, 56 AD3d 457 [2008]; *Black Rock, Inc. v Z Best Car Wash, Inc.*, 27 AD3d 409 [2006]; *Silber v Muschel*, 190 AD2d 727 [1993]), and the applicability of the acceleration clauses. Spolzino, J.P., Santucci, Balkin and Chambers, JJ., concur.