■ NEW YORK COMMUNITY BANK, Appellant, v ERIC FESSLER, Respondent. [930 NYS2d 465]—

On September 27, 2006, the defendant signed a "line of credit note" (hereinafter the note) in which he promised to pay the plaintiff, New York Community Bank, the principal sum of $2,500,000 in accordance with the terms of the note. In June 2008, the defendant defaulted on the note by failing to make the required monthly payment or any payments due thereafter. As of November 2008, the defendant's unpaid principal debt under the note was $1,842,980.38. After the defendant did not

respond to the plaintiff's demand letter, the plaintiff commenced the instant action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The defendant opposed, and while he did not dispute his default under the note, he raised as a defense that the plaintiff's line of credit agreement with corporations he solely controlled was inextricably intertwined with the note, and that the plaintiff's breach of the line of credit agreement relieved him of his obligation to repay the note. In reply, the plaintiff contended that the separate line of credit agreement it had with the defendant's corporations was irrelevant to the defendant's default under the note and that its decision to stop extending credit to the defendant's corporations did not relieve the defendant of his personal obligation to repay the note. Initially, the Supreme Court denied the motion, but subsequently, upon granting that branch of the plaintiff's motion which was for leave to reargue its prior motion, it granted the plaintiff summary judgment in lieu of complaint.

The plaintiff established its prima facie entitlement to judgment as a matter of law by setting forth "the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms" (*Lugli v Johnston*, 78 AD3d 1133, 1135 [2010]; *see Ro & Ke, Inc. v Stevens*, 61 AD3d 953, 953 [2009]; *Premium Assignment Corp. v Utopia Home Care, Inc.*, 58 AD3d 709, 709 [2009]; *Bank of N.Y. v Vega Tech. USA, LLC*, 18 AD3d 678, 679 [2005]; *Cardella v Giancola*, 297 AD2d 618, 619 [2002]; *Gregorio v Gregorio*, 234 AD2d 512 [1996]). In opposition, the defendant failed to raise a triable issue of fact as to a bona fide defense. "[T]he general rule is that the breach of a related contract cannot defeat a motion for summary judgment on an instrument for money only unless it can be shown that the contract and the instrument are 'intertwined' and that the defenses alleged to exist create material issues of triable fact" (*Mlcoch v Smith*, 173 AD2d 443, 444 [1991]). The defendant failed to raise a triable issue of fact as to whether the line of credit agreement between the plaintiff and corporations solely controlled by him is "inextricably intertwined" with the note (*see Mlcoch v Smith*, 173 AD2d 443 [1991]; *cf. Vecchio v Colangelo*, 274 AD2d 469, 471 [2000]; *Inpar Bldg. Corp. v Veoukas*, 143 AD2d 810, 811 [1988]; *Regal Limousine v Allison Limousine Serv.*, 136 AD2d 534, 535 [1988]). Contrary to the defendant's contention, the provision in the note which provides that a default by the defendant's corporations on the line of credit agreement with the plaintiff will constitute an "Event of Default" under the note, does not raise a triable issue of fact as to whether the note and

the line of credit agreement are inextricably intertwined. Notably, that provision does not state that the status of the plaintiff's decision to stop extending credit to the defendant's corporations alters or relieves the defendant of his obligation to repay the note (*see Neuhaus v McGovern*, 293 AD2d 727, 728 [2002]; *Borg v Belair Ridge Dev. Corp.*, 270 AD2d 377, 378 [2000]; *Haselnuss v Delta Testing Labs.*, 249 AD2d 509, 510 [1998]; *East N.Y. Sav. Bank v Baccaray*, 214 AD2d 601, 602 [1995]; *European Am. Bank v Lofrese*, 182 AD2d 67, 72 [1992]). Further, the terms of the note and the line of credit agreement demonstrate that they are separately enforceable (*see Inner City Telecom. Network v Sheridan Broadcasting Network*, 260 AD2d 257, 257 [1999]).

The defendant's contention that the note is not an instrument seeking the payment of money only, and thus, not eligible for CPLR 3213 treatment, is not properly before this Court.

The defendant's remaining contentions are without merit. Angiolillo, J.P., Dickerson, Hall and Cohen, JJ., concur.