Bank of N.Y. v C & L Interiors, Inc. (2019 NY Slip Op 00253)





Bank of N.Y. v C & L Interiors, Inc.


2019 NY Slip Op 00253


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2010-09088
 (Index No. 3332/08)

[*1]Bank of New York, etc., appellant,
v C and L Interiors, Inc., et al., defendants, Maria Sguera, et al., respondents.


Shapiro, DiCaro & Barak, LLC, Rochester, NY (Ellis M. Oster of counsel), for appellant.
Craco & Ellsworth, LLP, Huntington, NY (Paul V. Craco of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Michele M. Woodard, J.), entered July 19, 2010. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Maria Sguera and Oronzo Sguera and for an order of reference, and granted the cross motion of the defendants Maria Sguera and Oronzo Sguera for leave to amend their answer.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the cross motion of the defendants Maria Sguera and Oronzo Sguera which were for leave to amend their answer to assert additional defenses of failure to comply with RPAPL 1304 and want of consideration, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In February 2008, the plaintiff commenced this mortgage foreclosure action against the defendants Maria Sguera and Oronzo Seguera (hereinafter together the defendants), among others, alleging that they defaulted in payment under the terms of a mortgage securing a loan given to the defendant Andrew Kornblum. The defendants interposed an answer with various affirmative defenses and cross claims against Kornblum, in effect, alleging that he and the lender engaged in fraud regarding the execution of the mortgage documents. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion and cross-moved for leave to amend their answer, inter alia, to assert a counterclaim against the plaintiff for rescission of the mortgage and to assert certain defenses. The Supreme Court denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and granted the defendants' cross motion. The plaintiff appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, [*2]and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002 [internal quotation marks and citations omitted]; see Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688689; HSBC Bank USA, N.A. v Spitzer, 131 AD3d 1206, 1206-1207; Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d 895, 895). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against the defendants by submitting copies of the mortgage, the unpaid note, and evidence of the defendants' default (see U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; HSBC Bank USA, N.A. v Spitzer, 131 AD3d at 1206-1207; Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d at 895). In opposition, however, the defendants raised a triable issue of fact as to whether the plaintiff engaged in fraud in the inducement and/or fraud in the factum with regard to the defendants' signing of the mortgage (see Chan v Tomasino, 59 AD3d 680; cf. Prompt Mtge. Providers of N. America, LLC v Zarour, 155 AD3d 912; Shklovskiy v Khan, 273 AD2d 371). Accordingly, we agree with the Supreme Court's denial of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
Regarding the defendants' cross motion for leave to amend their answer, " [l]eave to amend a pleading should be freely given (see CPLR 3025[b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit'" (Notaro v Performance Team, 161 AD3d 1093, 1095, quoting Matter of Rhoda v Avery, 155 AD3d 737, 738). The Supreme Court should have denied those branches of the defendants' motion which were to amend the answer to assert defenses premised on the plaintiff's alleged noncompliance with RPAPL 1304 and want of consideration, as those proposed defenses are palpably insufficient and devoid of merit.
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court